## THE PEOPLE *v.* RAINS *et al.*—No. 2.

IN an action to recover delinquent taxes in the County of San Bernardino, assessed for the year 1860, the complaint should state the assessed value of the real estate, the improvements, and the personal property, each separately.

When the statute provides that the District Attorney, before commencing suit, shall publish notice to delinquents, it is not necessary to aver in the complaint that this notice was published, but the failure to publish this notice must be taken advantage of by plea in abatement, or it is waived.

It is not error to make the real estate a party, as in proceedings *in rem*, in an action to collect taxes.

The Assessor may assess real estate to any person whom he finds in the possession, charge, or control of it, and such person is liable for the taxes, as well as the property assessed.

APPEAL from the First Judicial District, San Bernardino County.

The facts are stated in the opinion of the Court.

*R. H. Lloyd*, for Appellants.

This suit was brought under the Act of March 27th, 1861 (Laws 1861, 75, 76). It is a special act, providing for the collection of delinquent taxes for 1860, in San Bernardino County. Under this act the complaint is insufficient.

The second section prescribes that the District Attorney " shall designate in his complaint the amount of taxes due and unpaid for State, County and other purposes, separately, and shall state the kind and value of property assessed, both real and personal." The complaint in this case does not state the kind of personal property—

whether it was money, hogs, sheep, cattle, or what it was.  All the information given is, that it was "certain personal property."  Nor does the complaint state the value of it, nor the value of the real estate.

The reason why the statute requires the kind and value to be stated appears in the same section, and is, because the defendant is only allowed to plead to the complaint : first, that the taxes have been paid ; and, second, that he had not the property mentioned in the complaint or the valuation thereof, at the time of the assessment.

The answer must be under oath.  How are the defendants in this case to answer under oath ?  They are not informed whether the real estate was rated at one dollar or fifty thousand dollars.  They are not told what personal property they are charged with having, whether it is money, cattle, or hogs, or what value was placed on the different kinds of property.  The defendants are deprived of the opportunity to make the statutory defense ; and the statute declares they shall make no other.

By Sec. 7 of the act, it is provided that " the District Attorney of said county shall, immediately upon the receipt of a certified copy of this act, cause the same to be published weekly for the space of four weeks in some newspaper published in said county ; and he shall not commence suit against delinquents until after said term of publication has expired."  This is a condition precedent to his right of action.  The notice must be given before a right of action accrued under the statute.  The complaint must show that the party is entitled to his action ; for that purpose, in this case it must appear that the notice was given.  It has not been alleged, nor does it so appear.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover delinquent taxes levied for the fiscal year 1860, on certain real estate, improvements thereon, and personal property, in the County of San Bernardino.  The Court rendered judgment against the defendants and the real estate assessed, from which they appeal.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action; that several causes of action had been improperly united; that it was ambiguous and uncertain, and that there was a misjoinder of parties defendant. The Court overruled the demurrer, and this is assigned for error. The complaint in this case follows the form prescribed by the General Revenue Act of 1861 (Stat. of 1861, 433); but this action does not properly come within the provisions of that act, which apply only to the taxes of the year 1861 and the succeeding years, and these taxes were levied in the year 1860. But on the twenty-seventh day of March, 1861 (Stat. 1861, 75), a law was passed relating to the delinquent taxes of 1860 in the County of San Bernardino, and that act therefore properly governs this action. The second section of the latter act provides that the complaint " shall state the kind and *value* of the property assessed, both real and personal." The complaint in this case describes the real estate fully and particularly, and then states, " also the improvements thereon." A further averment is that the defendants were " the owners of, and there was duly assessed to them the above described real estate, improvements upon the same, and certain personal property," and then sets forth the amounts of the several kinds of taxes levied upon the property. It contains no further description of the improvements or personal property, nor does it state the value of any of the property assessed. It is evident that the complaint is defective in not stating the assessed value of the property—that is, the assessed value of the real estate, the improvements thereon, and of the personal property, each separately. It is sufficient in stating the " kind " of property to state which of these three kinds of property the assessed property consists of. The description of the property in this complaint we deem sufficient, for the reasons stated in the case of *The People* v. *Eastman*, decided at the present term. The act in question does not require a more particular or specific description than the law in question in that case.

The seventh section of the act under which this action was brought provides, that the District Attorney shall, immediately upon the receipt of a certified copy of the act, cause the same to be

People *v.* Rains.

published weekly for four weeks in some newspaper published in the county, and that he should not commence suits against delinquents until after said term of publication had expired. It is contended that the complaint is defective, because it does not aver that this publication had been made, and that the term of publication had expired. This matter of publication does not affect or relate to the right or cause of action, but merely to the time of commencing the action. If the publication was not in fact made, or the term had not expired, these facts should have been plead in abatement of the suit. It was not necessary to aver them in the complaint, but they could be. plead as a defense, to abate the suit, if the defendants saw proper to do so. That objection to the complaint, therefore, is not tenable.

It is objected that the real estate is made a party, as in a proceeding *in rem*. All proceedings for the assessment of property and the collection of taxes thereon are in the nature of proceedings *in rem*, as the property is considered primarily liable for the taxes assessed thereon, and there is therefore no impropriety in framing the proceedings in the form of an action in which the property is sought to be sold for the payment of the taxes. This objection, therefore, is not valid. The demurrer should have been sustained, however, as the complaint fails to state the value of the several kinds of property assessed.

After the demurrer had been overruled, the defendants answered, alleging that the property assessed was the separate property of their wives, as they acquired the same by descent from their deceased father; and denying that they had any right, title, or interest in the real estate, improvements, or personal property, except as managers of the personal property; and the Court found such to be the facts, but also found that the defendants lived upon and had been in the possession, charge, and control of the property ever since 1858. The General Revenue Law of 1860, under which this assessment was made, authorizes property to be assessed to the persons " owning, claiming, or having the possession, charge, or control of any real or personal property," and as the property assessed in this case was in the possession, charge, and control of the defendants, the assessment was properly made to them,

People v. Rains.

and under that act they were liable to pay the taxes. County Assessors are not required to investigate the titles to all the property in the county, and to determine who are the real owners thereof. Such questions often require the skill, research, and learning of the ablest lawyers and jurists, which Assessors are not expected to have. It is sufficient for the purpose of assessment and taxation that he finds some person in possession, or having the charge and control of the property, to authorize him to assess it in the name of such person, and to make the latter liable for such taxes, leaving him to his remedy against the real owner of the property, if any he has. The property itself is, however, also liable for the taxes.

On the seventeenth day of May, 1861, the Legislature passed an act supplementary to the Act of March 27th (Stat. 1861, 416). It provides that in certain cases, including that of an assessment " to the husband or agent of the real owner, the person liable to pay the taxes thereon may be sued by a fictitious name, or the real name of the party liable to pay the same ; and the fact that the property was not assessed in the name of the party liable to pay the same, shall be no defense to an action brought for the recovery of the amount of the taxes due thereon, if the summons is served upon the party liable to pay the same." This provision does not properly apply to the case before us, because the property was " assessed in the name of the party liable to pay the same," as the defendants were in the possession, charge, and control of the property, and were thus liable to pay the taxes, as has been already shown. The summons has therefore in this case been " served upon the party liable to pay the taxes," within the terms of the statute. There may be cases where " the husband or agent" was not in " the possession, charge, or control " of the property, and therefore perhaps not liable to pay the taxes, in which case this provision may be applicable. The objection, therefore, that no summons was served on the wives of the defendants, is not valid.

The Court having erred in overruling the demurrer, the judgment is reversed and the cause remanded for further proceedings.