## KREITZ *vs.* FROST.

The practice which was prescribed by the Revised Statutes, prior to the Code of Procedure, requiring the clerk to assess the plaintiff's damages on default, demurrer, or confession, in certain specified cases—leaving the damages, in all other cases of default, to be ascertained by a sheriff's jury, upon a writ of inquiry—is substantially continued by the Code; only that in cases where the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, the court may, in its discretion, order a reference for that purpose.

In an equity suit, however, a writ of inquiry was never ordered; and a sheriff's jury would have no jurisdiction to assess damages.

Hence an order allowing a writ of inquiry, to have the damages assessed by a sheriff's jury, in an equity case, although it be entered on the consent of the defendant's attorney, is altogether null and void, since the Code. In such a case a reference is proper.

Costs, in equity actions, are not a matter of course, but were always in the discretion of the court. Consequently, to entitle either party to them, it was, under the former system, necessary that the court should expressly allow them. This rule is continued, under the Code of Procedure.

APPEAL from an order made at a special term, in an equity case.

CLERKE, P. J. I. The practice which was prescribed by statute (2 *R. S.* 280, *mar.*) before the adoption of the Code of Procedure, required the clerk to assess the plaintiff's damages on default, demurrer, or confession, in the following specified cases: On bills of exchange, promissory notes and orders, or drafts for the payment of money; on contracts for the absolute payment of money only; on contracts for the payment of a sum certain, though payable in specific articles; or on contracts for the delivery of specific articles at a value or price specified in the contract. In all other cases of default (embracing all cases where the action sounds in damages, and the damages are not a mere matter of calculation) the only mode of ascertaining them was by a writ of inquiry, directing the damages to be assessed by a sheriff's jury. This practice, I think, is substantially continued by the Code of Proce-

Kreitz *v.* Frost.

dure; only that in cases where the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, the court may in its discretion order a reference for that purpose.

In an equity suit, however, a writ of inquiry was never ordered; and a sheriff's jury would have no jurisdiction to assess damages. If the court required information on any subject, it sent the case to a court of common law on a *feigned issue*, to be submitted to a jury regularly summoned and impanneled before a judge, sitting at *nisi prius*. So that the order of the 24th of November, 1868, allowing a writ of inquiry, to have the alleged damages assessed by a sheriff's jury, although with the consent of the defendant's attorney, was, I am inclined to think, altogether null and void. In such a case a reference would have been proper.

II. The damages allowed by the sheriff's jury were excessive. I do not find any proof in the papers, that the plaintiff had paid the amount claimed by his lawyer for examining the title in question. His mere liability for such a claim would be scarcely sufficient to sustain a demand for unliquidated damages. At all events, the amount given by the jury was much too large. At most, the defendant was only liable for the expense of examining the title; and for this, eighty dollars, besides disbursements, would be an abundant compensation. I think that the rate established by the bar in Kings county, and adopted by Wetmore & Bowne, is reasonable.

III. This being an equity suit, costs to the plaintiff were not a matter of course. Costs in such actions were, always, in the discretion of the court; and, consequently, to entitle either party to them, it was necessary that the court should expressly allow them. This rule is continued by the Code of Procedure, (§ 306.)

The order should be affirmed, with costs.

CARDOZO, J. I concur; without, however, expressing any opinion as to what would be a reasonable amount of damages.

SUTHERLAND, J. I concur in affirming the order, with costs.

Order affirmed

[NEW YORK GENERAL TERM, November 1, 1869. *Clerke, Sutherland* and *Cardozo*, Justices.]