ARNOLD vs. THE SUPERVISORS OF JUNEAU COUNTY and another.

TAXATION: INJUNCTION. *(1) When collector's fees and interest at 12 per cent. payable on valid taxes. (2) School district tax; form of clerk's certificate. (3, 4) Road tax; presumption as to validity.*
COSTS: *(5) In equity suit.*

1. In an action to restrain a sale of land for taxes, brought and determined before the land is inserted in the delinquent list by the county treasurer, the judgment should require, as a condition of relief, payment of the valid part of the taxes, and interest thereon at *twelve per cent.* from the first day of January preceding the time for making the delinquent list, to the date of such judgment (secs. 110, 111, 113, ch. 18, R. S.), and also the five per cent. thereon as collector's fees, returned with the delinquent taxes (sec. 2, ch. 26 of 1861).

2. A certificate of a school-district tax, signed by the clerk, merely stating that, "at the annual school meeting [specifying the date], voted to raise three hundred dollars for teachers' salaries, in building a wood-shed, and all incidental expenses during the year" — *held*, not to be a compliance with

sec. 1, ch. 81 of 1869, and to confer no authority upon the town clerk to levy the tax.

3. One who alleges defects and irregularities to invalidate a tax, must prove them.

4. Where the road warrant put in evidence by plaintiff showed a road tax at a certain rate on the total valuation of his property, real and personal, and the tax roll of the same year showed his delinquent road tax on the valuation of his real estate to be a much greater rate, but within the amount of the *additional* assessment which the statute authorized the overseer of highways to make, upon a certain application, if the first were deemed insufficient (sec. 1, ch. 74 of 1872): *Held*, that, in the absence of proof to the contrary, it will be *presumed* that such additional assessment was made.

5. In equity cases, *costs* are at the discretion of the court; and where a large part of the taxes complained of were invalid, there was no abuse of discretion in requiring the defendant county to pay the costs.

APPEAL from the Circuit Court for *Juneau* County.

Action against the board of supervisors and treasurer of Juneau county to restrain the sale of plaintiff's real property in a certain town of said county, for taxes of the year 1874, and to have such taxes adjudged void. The complaint avers, among other things, that plaintiff's real estate in said town was assessed in said year at $6,195; that there was charged thereon for state, county, school and town taxes, $111.55, for school-district taxes, $46.67, for road-district taxes, $47.07, and for collector's fees, $10.15; that no highway tax was legally charged on said property for that year, the town supervisors not having assessed any such tax or issued any warrant for its collection, and no sworn return of unpaid highway taxes having been made, but said tax having been charged against the property as delinquent by the town clerk without authority; and that the school-district tax was likewise charged on the property without authority. There were other allegations, designed to show the invalidity of the whole tax; but these are not important here. On the verified complaint, an injunctional order was granted by a court commissioner on the 21st of April, 1875.

The answer put in issue all the averments of the complaint on which relief was sought. The injunctional order was not dissolved before final judgment.

The evidence offered on the trial will sufficiently appear from the opinion. The court held the state, county, county-school, and town taxes to have been legally assessed, and the school-district and road-district taxes to have been inserted in the tax roll without warrant of law, and that, on payment by the plaintiff of the taxes so adjudged valid, with seven per cent. interest thereon from January 1, 1875, defendants should be perpetually enjoined from collecting those adjudged invalid, by sale of his land or otherwise, and that plaintiff recover of them his costs of the action. Defendants excepted not only to the conclusions above expressly stated, but to the failure of the court to require payment by the plaintiff of the five per cent. collector's fees on the valid taxes, and interest on the latter at *twelve* per cent. from January 1, 1875; and they appealed from a judgment entered in accordance with the aforesaid conclusions.

For the appellants a brief was filed by *F. S. Veeder*, district attorney, with *F. Winsor*, of counsel, and the cause was argued orally by *Mr. Winsor*:

1. As to the collector's fees, counsel cited sec. 59, ch. 18, R. S., and ch. 26 of 1861. 2. As to the rate of interest, they cited R. S. 1849, ch. 15, secs. 83, 90; R. S. 1858, ch. 18, secs. 110, 111; ch. 22 of 1859; and ch. 335 of 1864; and they contended that if there is any rate of interest established by law, it is twelve per cent. on all taxes paid before sale; that sec. 110 above cited, so far as it fixes the time within which taxes may be discharged on payment with twelve per cent. interest, should be construed to read the second Tuesday in May instead of the first Monday in April, or there is no provision for charging interest between those dates; and that, had plaintiff's lands been sold for the taxes declared legal, after a dissolution of the injunction, as would have been done if such taxes

had not then been paid, interest at twelve per cent. from January 1, 1875, must have been added under the act of 1864. 3. As to the road tax, they contended that it must be presumed valid until evidence was given from which it *necessarily* appeared to be illegal *(Mills v. Gleason,* 11 Wis., 497; *Warden v. Supervisors,* 14 id., 618; *Tainter v. Lucas,* 29 id., 375); and that, upon the evidence here, it must be presumed that the overseer of highways had levied an additional tax under ch. 74 of 1872. 4. As to the school-district tax, they contended that it was not enough to show that the proceedings were irregular or even void, in the absence of allegation or proof of substantial injustice. *Stokes v. Knarr,* 11 Wis., 389; *Mills v. Gleason* and *Warden v. Supervisors, supra; Ableman v. Roth,* 12 Wis., 91; *Kellogg v. Oshkosh,* 14 id., 623; *Dean v. Gleason,* 16 id., 18; *Mills v. Johnson,* 17 id., 598. 5. They also contended that it was an abuse of discretion to award the plaintiff costs in this case.

*John Turner,* for the respondent, contended, 1. That the road tax was properly held invalid in the absence of any record to sustain it (Cooley on Tax., 247, 332); and that where a record is not found in the proper office, and it is not shown that one was ever in existence, there is no presumption that one was made. *Hall v. Kellogg,* 16 Mich., 139. 2. That the school-district tax was assessed without authority, there being no proper certificate of the district clerk to support it (Tay. Stats., 559–560, §§ 65, 66; *Matteson v. Rosendale,* 37 Wis., 254); and that this was a sufficient ground for avoiding the tax in this action. *West v. Ballard,* 32 Wis., 168. 3. That section 110, ch. 18, R. S., is the only statute authorizing the collection of twelve per cent. interest on unpaid taxes, and this requires interest at that rate for only the time stated, viz., four months, and applies only to payments made to the county treasurer. 4. That as the valid taxes in this case were paid into court, and were not collected by the town or county treasurer, there was no error in omitting to require payment of

the collector's fee. 5. That the costs in such an action are at the discretion of the court. *Staiger v. Schultz*, 3 Abb. Pr., N. S., 377; *Sunney v. Roach*, 4 Abb. Pr., 16; *Kreitz v. Frost*, 55 Barb., 474; *Barker v. White*, 3 Keyes, 495; *Belmont v. Ponvert*, 38 N. Y. Sup. Ct., 425; *Church v. Kidd*, 3 Hun, 254.

ORTON, J. By a proper construction of sec. 110, ch. 18, R. S. 1858, in connection with secs. 111 and 113, interest at the rate of twelve per cent. per annum should be computed on delinquent taxes from the first day of January previous to the making out of the delinquent list by the county treasurer, as required by sec. 111; and until such list is made, such rate of interest will run until payment. Interest at that rate should have been computed upon the taxes found by the circuit court in this case to be valid, from the first day of January, 1875, to the time of the judgment.

It is also quite clear that by sec. 2, ch. 26, Laws of 1861, the five per cent. as collector's fees, and returned with the delinquent taxes, should have been included in the amount of the judgment.

The respondent offered in evidence the following certificate, as the only authority to the town clerk of the town of Germantown, for the levying of the district-school tax of District No. One: "At the annual school meeting in 1874, the 29th day of September, voted, to raise three hundred dollars for teachers' salaries, in building a woodshed, and all incidental expenses during the year." Signed "William Kœhler, Dist. Clerk." No other certificate as such authority was offered by either party, and the presumption is that no other certificate is in existence or was ever made.

This certificate is in no respect in compliance with sec. 1, ch. 81, Laws of 1869, and conferred no authority whatever upon the town clerk to levy said tax. *Matteson v. Rosendale*, 37 Wis., 254; *Blodgett v. Hitt*, 29 id., 171. This tax was very properly held by the circuit court to be void.

In respect to the road-district tax, it appears from the bill of exceptions that the respondent offered in evidence the road warrant, in which was entered the total valuation of both the real and personal property of the respondent, at the sum of $22,318.00, and the road tax at the sum of $66.95, being three mills on the dollar of such total valuation; and the respondent also offered in evidence the tax roll of that year, showing the delinquent road-district tax of the respondent to be the sum of $46.95 on the valuation of his *real estate*, of the amount of $6,041.00. The tax at three mills on the dollar on this amount would be only the sum of $18.12.

This discrepancy is urged by the respondent as showing the defect and irregularity of this tax. This objection might prevail if no other provision of law on this subject existed, except that found in the second subdivision of sec. 25, ch. 19, R. S. 1858; but sec. 1, ch. 74, Laws of 1872, provides for another assessment when the first is deemed insufficient by the overseer of highways, "not exceeding the rate of seven mills to the dollar." The amount of $46.95 is within this limit; and it must be presumed that what might be done within this power, was done by the overseer, in the absence of any proof to the contrary; and it was incumbent upon the respondent, when alleging defects and irregularities in the proceedings, to invalidate the tax, to prove them. On the evidence presented, the circuit court should have held this tax to be valid.

In cases in equity, the matter of costs is in the discretion of the court; and there was no abuse of discretion by the circuit court in requiring the appellants to pay the respondent's costs, after having found a large part of the taxes complained of invalid. Sec. 40, ch. 133, R. S. 1858; *Kreitz v. Frost*, 55 Barb., 474.

This disposes of all the questions raised by the exceptions.

*By the Court.*— The judgment is reversed, and the cause remanded with directions to the circuit court to render judgment according to this opinion.