SHERRILL v. HEWITT.

(Supreme Court, General Term, Second Department.   February 11, 1891.)

1. COLLECTION OF TAXES—ACTION.
   Where plaintiff, in an action to collect taxes, shows that the taxes were levied by the board of supervisors, and a warrant issued to the collector. which had been returned uncollected, as required by Laws N. Y. 1883, c. 263, authorizing the county treasurer to sue for unpaid taxes, the burden is on defendant to show any irregularity or defect in the proceedings which would constitute a defense to the action.

2. SAME—VERIFICATION OF ASSESSMENT ROLLS.
   Laws N. Y. 1884, c. 57, prescribed a certain form for the verification of assessment rolls.   Laws 1885, c. 201, amended the act of 1884 by striking out the words, "and at which they would appraise the same in payment of a just debt due from a solvent debtor," and also the words, "and true," before the words, "value thereof."   Held, that a verification in the form prescribed by the act of 1884 was sufficient under the act of 1885; the words omitted by the latter statute being mere surplusage.

Appeal from circuit court, Dutchess county.

Action by Isaac W. Sherrill, as treasurer of Dutchess county, against Louisa Hewitt, to recover unpaid taxes.   There was a judgment for plaintiff, and defendant appeals.

Argued before DYKMAN and PRATT, JJ.

A. M. & G. Card, for appellant.   Silas Wodell, for respondent.

PRATT, J.   In this case we are precluded from any review of the facts, for the reason that the case does not contain any statement that all the evidence given upon the trial is set forth in the printed case.   The result, therefore, is that we must assume that all the findings of fact are sustained by the evidence, and the only matters left open for review are questions of law arising from the record as presented.   These are the only two questions of law arising upon the record:   First, whether the burden was upon the plaintiff to show.that all the statutory requirements had been complied with in levying the tax, or was it upon the defendant to allege and prove any irregularity which rendered the tax void.   We think, when the plaintiff had proved that the warrant for the collection of the tax was duly assigned and delivered to the collector, and such collector made a return to the county treasurer that the tax was uncollected and unpaid, that the burden was then upon the defendant to show any irregularity or defect in the proceedings which would constitute a defense against the collection.   Hil. Tax'n, p. 455, § 38;  People v. Rains, 23 Cal. 131.   The statute [1] gives the right of action, and fixes the conditions precedent to its enforcement.   First, the plaintiff must prove that the tax has been levied by the board of supervisors, and warrant issued to the collector; and, second, that he has returned the same as uncollected.   The plaintiff did this, and it then rested with the defendant to prove any matter that constituted a valid defense.   In that effort she signally failed, if the findings are to be regarded as conclusive upon this question.   When we look at the pleadings, we find that the defendant has not set up any defect or irregularity, but has simply denied certain allegations of the complaint; so that the regularity of the proceedings by which the tax was levied are not put in issue, and it was not open to the defendant, under the pleadings, to prove any defect which would constitute a defense.   But the plaintiff put in evidence the assessment rolls, together with the oaths thereon made by the assessors; and it appears that the oaths were not in the form prescribed by statute at the time the same were taken.   The law is well settled that before property can be compulsorily taken for the payment of taxes the substantial requirements of the statute must be complied with.   Brevoort v. City of Brooklyn, 89 N. Y. 132, and cases there cited.   The question, therefore, is whether, in

[1] Laws N. Y. 1883. c. 263.

this case, the requirements of the statute were followed. The oath taken in each year herein was in the form required by chapter 57, Laws 1884. In 1885 (chapter 201) an amendment was passed which, in effect, struck from the statute of 1884 the following words, "and at which they would appraise the same in payment of a just debt due from a solvent debtor," and also the words, "and true," before the words, "value thereof." It will be observed that the omission of the above words was the only change made by the statute of 1885, and it is argued that the inference is that the legislature deemed the amendment important and necessary. If an oath in the form prescribed by the statute of 1884 is a substantial compliance with the statute of 1885, then the words omitted by the latter statute were mere surplusage, and the statute was unnecessary. But we think that the form of oath prescribed by the statute of 1884 was a substantial compliance with the requirements of the statute of 1885. In fact, the former oath is more full and explicit than the latter; and, had the question been reversed, we well might find that an oath under the statute of 1885 would not fill the requirement of the act of 1884; but in the present case it seems clear that the oath was sufficient to comply with the law. Judgment affirmed, with costs.