## CITY OF SAN ANTONIO V. W. W. BERRY.

### No. 696. Decided December 12, 1898.

**1. City—Taxation—Fiscal Year—Ordinance.**

An amendment to the special charter of a city having changed the end of its fiscal year from the last day of February (as in 1891) to the last day of May (in 1892), an an ordinance levying taxes for the "fiscal year" or "municipal year" ending May 31, 1892, which levied for ordinary purposes a tax exceeding by one-fourth the amount permitted to be levied annually, was excessive. Whether it was or was not in the power of the city to make such levy to cover the fifteen months from the end of February, 1891, to that of May, 1892, at one and one-fourth times the annual rate permitted, the tax levied was, on the face of the ordinance, for a year only. (P. 324.)

**2. Same—Construction of Ordinance—Mistake.**

The ordinances of a city council are legislative acts, and can not be reformed by judicial action, like contracts in case of mutual mistake; extrinsic evidence is not admissible to show an intent different from that expressed. (Pp. 324, 325.)

**3. Taxation—Excessive Levy—How Far Void.**

A levy of an annual tax in excess of the amount permitted by law is void only as to the excess, in the absence of circumstances requiring a different holding. (P. 325.)

**4. City Taxation—Bonded Debt—Burden of Proof.**

An ordinance levying taxes to meet bonded indebtedness of a city is prima facie valid by force of the presumption that acts of public officers are in accordance with law; and in a suit by the city to enforce the collection and foreclose lien the burden is on defendant to show that there were no debts authorizing such levy. (P. 326.)

**5. Findings of Court—Statement of Facts.**

A finding by the court that the evidence did not show that no provision was made, at the time certain debts were created, for the levy of taxes to pay interest and sinking fund, must be sustained in the absence of a statement of facts. A statement in the findings of the court that certain testimony, and no other, was introduced upon this point, can not be considered, such findings not being a substitute for the statement of facts. (Pp. 326, 327.)

**6. Homestead—Sale for Taxes—Parties—Wife.**

The wife is not a necessary party to an action to sell the homestead of the family for taxes assessed against it, the fact that it was homestead constituting no defense to such action. (P. 327.)

**7. Homestead—Sale for Taxes—Costs.**

The costs of enforcing a lien are incident to and become a part of the debt, and in a suit to enforce collection of taxes the homestead may be sold for taxes assessed against it and for its proportional part of the costs of the proceedings. (P. 327.)

**8. Suit for Taxes—Personal Judgment.**

In a suit to enforce collection of taxes it is proper to render a personal judgment against the party liable, as well as to foreclose the lien against the property. (Pp. 327, 328.)

**9. Sale for Taxes—Redemption—Statutes.**

Sections 11 and 14, Act of April 13, 1895 (Revised Statutes, articles 5232m, 5232k), giving to cities, etc., the right to enforce the collection of delinquent taxes by sale subject to right of redemption within two years, did not take away the express authority given to any city by special charter to bring an ordinary suit to recover its taxes and to sell for taxes under such latter proceeding without right of redemption. (P. 328.)

**10. Same—Constitution.**

Section 13 of article 8 of the Constitution, in providing for a right of redemption from sales for taxes, refers only to the summary remedy of "speedy sale" therein contemplated, and does not secure a right to redeem lands sold by decree of court in suits for the enforcement of taxes. (Pp. 328, 329.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The city of San Antonio sued Berry to enforce the collection of taxes, and a judgment in its favor being reformed by the Court of Civil Appeals on appeal by defendant, both parties obtained writ of error from the Supreme Court.

*George C. Altgelt,* for plaintiff in error Berry.—The city of San Antonio has no charter power to levy ad valorem taxes for a period exceeding one year at any one time; nor has it power to levy ad valorem taxes for general purposes for any one year exceeding $1 on the $100 valuation. City Charter, sec. 172; Special Laws 1889, p. 142; City of San Antonio v. Raley, 32 S. W. Rep., 183; Desty on Tax., 486, 487; Cool. on Tax., Rev. Stats., art. 3270.

In order to recover special taxes for the payment of the interest upon the alleged bonded indebtedness of the city and to create a sinking fund for its ultimate payment, it was necessary to allege the existence of such

debt and the facts constituting the debt alleged. Cool. Const. Lim., 635–638; Wood v. Galveston, 76 Texas, 132; Earle v. City of Henrietta, 91 Texas, 301.

The Court of Civil Appeals erred in not sustaining appellant's fourth assignment, which is as follows: "The District Court erred in holding that in order to recover the taxes levied and claimed by said city for a sinking fund and interest upon the bonded debt mentioned in the petition, it was not incumbent upon said city to prove the existence of a bonded debt on its part."

The Court of Civil Appeals erred in holding that appellant's wife was not a necessary party in a suit to foreclose a lien upon his homestead.

Appellant proved the invalidity of the city's bonds by showing that the ordinances authorizing their issue contained no provision of any kind concerning a sinking fund for the payment of interest and the ultimate redemption of said bonds, and by offering in evidence a printed copy of the digest of all ordinances of said city of a general nature then in force, adopted and approved by the city council, and showing that such digest did not contain ordinances with provision for the creation of a sinking fund, for the payment of interest, and the ultimate redemption of the bonded debt of said city.   1 Greenl. on Ev., sec. 79; Ryan v. Railway, 65 Texas, 19.

The Court of Civil Appeals erred in holding that the costs of court were properly adjudged to be a lien upon appellant's homestead, and that such costs might be paid out of the proceeds of the homestead.   Kirkwood v. Domnau, 80 Texas, 645; Const., art. 16, sec. 50.

The Court of Civil Appeals erred in holding that there was no error in rendering a personal judgment against appellant for the taxes due and ordering execution over against him for an unsatisfied balance after the sale of his homestead.   Edmonson v. Galveston, 53 Texas, 157; Jodon, v. Brenham, 57 Texas, 657; Clegg v. State, 42 Texas, 605; State v. Baker, 49 Texas, 763.

The trial court erred in awarding a writ of possession.   Masterson v. State, 42 S. W. Rep., 1003.

*R. B. Minor* and *Houston Bros.*, for city of San Antonio.—It clearly appears from the allegations of plaintiff's petition excepted to, that by the ordinance of February 25, 1892, the city council of the city of San Antonio made its levy of taxes to cover a fiscal period of fifteen months, beginning March 1, 1891, and ending May 31, 1892, and that said fact is shown by said ordinance taken in connection with the record of the contemporaneous proceedings of the city council of said city had at the time of the passage of said ordinance.   Hernandez v. City of San Antonio, 39 S. W. Rep., 1022; Suth. Stat. Const., secs. 40-45, 300; Hill's Admr. v. Mitchell, 5 Ark., 608; Blake v. Bank, 23 Wall., 307; State v. Closkey, 5 Sneed, 482; State v. Douglass, 5 Sneed, 608; Railway v. Taylor County,

52 Wis., 37; Warner v. Beers, 23 Wend., 103; Horr & Bemis Mun. Police Ords., 56, 186.

The levy of taxes made by the city council of the city of San Antonio, by ordinance of February 25, 1892, for the fiscal period of fifteen months, beginning March 1, 1891, and ending May 31, 1892, was not violative of any provision of the charter of said city, but was within the power of said council, and in every respect valid.   Charter of city of San Antonio, sec. 45, as amended March 4, 1885, and same as amended April 29, 1891; Charter of city of San Antonio, secs. 172, 174, 192.

It was not necessary for said city to allege the existence of the debt nor the facts constituting the said indebtedness, any further than to allege the enactment by the city council of said city of an ordinance (in each year for which taxes are claimed) making a levy of a tax for the expressed purpose of paying interest on the bonded debt of said city and to create a sinking fund for the ultimate payment thereof.   City Charters of 1856 and 1870, and amendments to the latter; State v. Railway, 101 Mo., 136; Arnold v. Supervisors, 43 Wis., 627; Silsbee v. Stockle, 44 Mich., 561; Upton v. Kennedy, 36 Mich., 215; Stockle v. Silsbee, 41 Mich, 615; State v. Railway, 13 S. W. Rep., 505; Sherrill v. Hewett, 59 Hun, 619; Gas Co. v. People, 27 N. E. Rep., 924; Moore v. Foote, 32 Miss., 479; Gaither v. Green, 4 So. Rep., 210; People v. Monroe County, 36 N. W. Rep., 73; Earle v. City of Henrietta, 91 Texas, 301; Mech. Pub. Officers, secs. 579, 581; Cool. on Tax., 2 ed., 342; Wharton v. School Directors, 42 Pa. St., 358; State v. Railway, 21 S. W. Rep., 14.

Upon the introduction by the plaintiff city of the ordinances making the annual levies there arose a presumption at least prima facie that a valid and binding debt of the city existed at the time of each annual levy; and appellee contends that said presumption was conclusive in a suit for the collection of the tax, for interest and sinking fund levied as in this case.

The District Court correctly found, as a conclusion of law, that the defendant did not prove the invalidity (for the want of sinking fund provisions) of the bonded debt for which taxes for interest and sinking fund were adjudged against him.   1 Dan. Neg. Inst., sec. 65; Burr. Pub. Sec., 247; 2 Am. and Eng. Enc. of Law, 458, sec. 8.

A homestead is not subject to forced sale except for liens created in ways and for purposes specified, one of which is for the taxes due thereon. Whenever a lien has been decreed properly created and for a lawful purpose, the costs of foreclosure are an incident to the foreclosure and when decreed by the court become a part of the lien.

Taxes lawfully levied and assessed against a citizen become a debt due to the State or city for which he may be sued and a personal judgment obtained or his personal property seized and sold to satisfy same.

Whether a tax is or is not properly to be regarded as a debt, nevertheless, according to the weight of authority, taxes may be recovered in an action at common law, in the form of a personal judgment, unless that remedy be forbidden by statute.   City Charter, sec. 183; Cave v. City of

Houston, 65 Texas, 622; Howard v. Mayor of Houston, 59 Texas, 77; Heller v. City of Alvarado, 1 Texas Civ. App., 409; 2 Desty on Tax., sec. 126, p. 706; Burr. on Tax., sec. 105, p. 253.

Sec. 13 of article 8 of the Texas Constitution, upon a fair interpretation of its language relates only to summary ex parte proceedings. Const. 1876, sec. 13, art. 7.

GAINES, CHIEF JUSTICE.—This action was brought by the city of San Antonio to recover of W. W. Berry delinquent taxes upon certain real and personal property of the defendant for the year 1894 and for several years prior thereto, and to foreclose a lien upon the property. The transcript does not disclose the date of the institution of the suit, but it shows that an amended petition was filed May 18, 1896, and that the case was tried upon a second amended petition filed June 17, 1897. The plaintiff secured a judgment with a decree foreclosing the lien directing that an order should issue to the sheriff to sell the property as upon execution for the payment of the judgment and to put the purchaser in possession of the property so sold. Upon appeal to the Court of Civil Appeals, the judgment was in the first instance affirmed, but upon a motion for rehearing, the decree was so reformed as not to require the purchaser to be placed in possession and in effect to allow the defendant to redeem at any time within two years after the sale. Both parties have applied to this court for writs of error and both applications have been granted.

In reference to the levy of taxes made by the city council for the period ending May 31, 1892, it is alleged in the petition: "That by the provisions of plaintiff's charter, as amended March 4, 1885, the fiscal year of said city was made to commence on the first day of March and terminate on the last day of February following; but by the provisions of said charter, as amended April 29, 1891, the fiscal year of said city was made to commence on the first day of June and terminate on the last day of May following; that by reason of this change in the time for the beginning of the fiscal year of said city, a period of three months between March 1, 1891, and June 1, 1891, was left unincluded in any fiscal year of the prescribed duration of twelve months, which three months period, unless omitted altogether in the assessing and collecting of taxes, had necessarily either to be made a separate fiscal period or else added to and included in the next succeeding fiscal period, which latter course was adopted by the city council of said city; and said city council accordingly, by an ordinance passed and approved February 25, 1892, made its levy of city taxes to cover the period of fifteen months ending May 31, 1892, and including the period of three months before mentioned, which facts appear from said ordinance taken in connection with the record of the proceedings of the said city council had at the time of the adoption of said ordinance, the said ordinance designating the period for which said levy was made as 'the fiscal year ending May 31, 1892,' 'the municipal year ending May 31, 1892,' 'the municipal or fiscal year ending May 31,

1892,' and 'the municipal year 1891-92,' but the said record of the contemporaneous proceedings of said city council showing that by said terms as used in said ordinance the said city council meant and intended the said fiscal period of fifteen months ending May 31, 1892 * * * That, acting under and by virtue of the powers so vested in it, the plaintiff city, by ordinance of its city council, passed and approved respectively at the dates hereinafter stated, did levy the following taxes, to wit: * * * For the fiscal year (meaning a period of fifteen months) ending May 31, 1892, by ordinance of February 25, 1892, * * * ad valorem taxes of ($1.005) one dollar and five mills for general purposes."

To these allegations the defendant excepted and the exception was overruled. This ruling of the court is the first ground of error specified by the applicant Berry in his application for the writ of error.

We think the court erred in not sustaining the exception as to the five mills. Section 172 of the charter of the city requires that taxes for the general purposes, shall be levied by ordinance. In passing an ordinance, certain formalities are required under the city charter. San Antonio v. Micklejohn, 89 Texas, 79. As is pointed out in the case cited, there is an essential difference between an ordinance and a resolution. If a mere order of the council had been sufficient under the charter to make the tax levy, and if the proceedings which led to the order had made it manifest that the purpose was to levy for the fifteen months beginning March 1st, and not merely for the twelve months beginning June 1st, it may be that we should so construe it and give it effect accordingly. But even if the council had unequivocally made the levy for the fifteen months, a serious question would still exist as to its power under the charter to levy for more than one year. But as we view the case, that question is not before us. The validity of the levy under consideration must be determined from the face of the ordinance itself. If the language of the ordinance were doubtful or ambiguous, it may be that it would be proper to look at the proceedings which led to its passage in order to resolve the doubt or explain the ambiguity. But the ordinance is not of that character. In itself it is neither doubtful nor ambiguous. The phrases, "the fiscal year ending May 31, 1892," "the municipal year ending May 31, 1892," "the municipal or fiscal year ending May 31, 1892," and "the municipal year 1891-92," all mean the same thing. They signify a year and not a year and three months. It is only when we look to the proceedings of the council that any doubt can arise as to what it was their purpose to do; and while these proceedings may show that they intended to levy a tax for fifteen months in order to bridge over the chasm caused by the amendment to the charter which changed the fiscal year, yet the ordinance itself shows that they did not do what it is claimed they intended to do. The ordinances of a city council are the legislative acts of a subordinate law-making power; and we apprehend the proceedings of a legislative body can not be resorted to in order to add to a statute some provision that has been plainly omitted. If two parties agree upon a contract by which their reciprocal rights and liabilities are to continue

for fifteen months, and if in drawing it "twelve" is inserted by mutual mistake instead of "fifteen," either may enforce it as agreed upon by alleging and proving the mistake and reforming the instrument. In such a case, it is a question of reformation and not of construction. So the essential element of the attempt in this case with reference to the ordinance in question is not to construe it, but to add to or vary its expressed terms. A legislative act can not be reformed by judicial action. In Clement v. Railway, 55 Texas, 79, it is held, in effect, that where there is no ambiguity in the language of a city ordinance extrinsic evidence is not admissible to show an intention on part of the council different from that which is expressed.

The levy in question is five mills upon the one hundred dollars in excess of the limit prescribed by the charter of the city, and can not, in its entirety, be upheld. The question then arises, is it void as a whole or is it void only as to the excess? Upon the question there is a conflict of authority. But in the case of Nalle v. City of Austin, 91 Texas, 424, this court held "that when suit is instituted by a city or county for the recovery of a tax due to it, and it is found that such tax is in part lawful and in part illegal, if the legal and illegal parts are capable of definite ascertainment and apportionment, a court will apportion the taxes and give judgment for that part which might lawfully have been levied." The proposition is supported by numerous cases which are cited in the opinion. In that case there was a levy by the city council to pay the interest and sinking fund upon certain bonds of the city, some of which were sold and some not sold. It was decided that so much of the levy as was intended to pay interest and sinking funds upon the bonds still in the hands of the city was unauthorized and void; but that as to the remainder the levy was valid. We think the principle applied in that case should be applied in this. The cases are not precisely the same; for in the former case the purpose for which a portion of the levy was made was illegal, while in this, the purpose of the levy was lawful, but the amount was in excess of the authorized limit. Here the council could have levied 1 per cent upon the assessed value of all property subject to taxation by the city, and under the circumstances of the case, we see no reason why the tax to that extent may not be lawful. It may be that circumstances may exist which would require a different holding. When the Legislature confides to a special body the power to determine within a limit the amount of a tax necessary to be raised for public purposes, it would seem that the taxpayer is entitled to the fair exercise of its judgment as to the amount of the levy. Therefore, it may be that if the levy be so grossly excessive as to evince that it was made in utter disregard of the law and from improper motives, it should be held of no effect. Such, however, is not this case. Here no improper motive is disclosed. Most likely the mistake was made in the language of the ordinance and the purpose was evidently to levy a sufficient tax to meet the expenses of the city government for fifteen months, and not merely for the current fiscal year as prescribed in the charter. The case of Mix v. The People,

72 Illinois, 241, is directly in point. There the levy was for a gross sum which exceeded seventy-five cents on the hundred dollars of the taxable values, which was the limit prescribed by the Constitution of the State. It was held that the excess was void, but since the amount that could have been lawfully levied could be arrived at by a simple calculation, to that extent the levy should stand. Here no calculation is necessary. The council could have lawfully levied one dollar upon the hundred dollars of taxable values for the current fiscal year. It results that in our opinion the levy as to the excess and as to that only should be held void.

The second point made in the petition of Berry for the writ of error, briefly stated, is that the court erred in not sustaining an exception to the petition in so far as it sought to recover special taxes upon the bonded indebedness of the city. The ground of the objection was that the existence of the several debts was not specifically alleged. However, the ordinances making the levies are clearly alleged in the petition. We think the exception was properly overruled. We think it a case in which the presumption in favor of the legality of official action should be indulged. In the case of the Commonwealth v. Slifer, 25 Pennsylvania State, 23, the Supreme Court of Pennsylvania say: "But the acts of public officers, where the rights of the public require it, should be construed with liberality. There is always a presumption that they are in accordance with the law. The presumption can be repelled only by clear evidence of illegality." In our opinion, the rights of the public require that, in a suit for the recovery of taxes, the proof of the levy of a tax not illegal upon its face by a body intrusted with the duty of making such levy, in a proper case, should be deemed prima facie evidence that the facts existed which warranted their action, and that the levy is lawful. State v. Railway, 101 Mo., 136; Sherill v. Hewitt, 13 N. Y. Supp., 498; Arnold v. Supervisors, 43 Wis., 627; Silsbee v. Stockle, 44 Mich., 561; Moore v. Foote, 32 Miss., 469. It is not difficult for a defendant in a suit for the recovery of taxes, who attacks the levy for illegality, to plead and prove the facts.

It follows, as we think, from our last conclusion, that it was sufficient prima facie for the city to offer in evidence the annual ordinances making the levies to pay the interest and sinking fund upon the bonded debts. If it was sufficient to plead the ordinances making the levies, it was sufficient to prove them.

But it is also urged that the evidence introduced by the defendant showed that the alleged indebtedness, on account of which the taxes now under consideration were levied, was illegal, and that the trial court erred in holding that such illegality was not shown. The proof relied upon was "a printed copy of the digest of all ordinances of said city of a general nature then in force, adopted and approved by the city council, and showing that such digest did not contain ordinances with provision for the creation of a sinking fund for the payment of the interest and the ultimate redemption of the bonded debt of said city." But we find no statement of facts in the record. The case was appealed upon the judge's

conclusions of law and fact. In the conclusions of fact, it is stated that the printed copy of the ordinances was introduced in evidence; and also that no other evidence of any kind was introduced upon the question except the ordinances authorizing the issue of the bonds—which ordinances make no provision to pay the interest and sinking fund upon the alleged indebtedness. Now, if we could act upon the court's statement that there was no other evidence except that mentioned, we would have a difficult question. But in our opinion we can not do this. Counsel have no control over the judge's conclusions of fact. They can not say what shall and what shall not be inserted. If a statement of facts had been called for, it may be that counsel for the appellee could have convinced the court that other evidence was introduced. The court distinctly holds that it was not shown that no provision was made when the debts were created for the levy of taxes to pay the interest and sinking fund thereon; and in the absence of a statement of facts, the finding is conclusive upon us.

It is also assigned that the trial court and the Court of Civil Appeals erred in holding that the wife of the defendant was not a necessary party to the suit. The lots upon which the taxes were claimed were the homestead of the defendant, and it seems that he was a married man. In Jergens v. Schiele, 61 Texas, 255, it is held (quoting from Thompson on Homesteads), that "to any proceeding in which the right of homestead is not available as a defense, * * * it is obvious that the wife is not, on account of the fact that the locus in quo constitutes the family homestead, a necessary party." The property in controversy was subject to be sold for the taxes due upon it, whether it was homestead or not; so that there was no question of homestead involved in the case. The assignment points out no error.

The District Court, in its judgment, subjected the defendants' homestead to a lien for the taxes adjudged to be due thereon and also to a proportionate part of the costs of the suit. The action of the court in giving a lien upon the homestead for any part of the costs is also assigned as error. The principle applicable to the case is that the costs of enforcing a lien are an incident to the debt and become part of it. It has been the common practice to enforce the rule in this State, and we are cited to no decision to the contrary. In each of the cases of Kirkwood v. Domnau, 80 Texas, 645, and Simpson v. Biffle, 34 Southwestern Reporter, 348, a very different question was presented. In Freeman on Judgments, section 338, the rule is announced that "if costs are incurred in enforcing a lien, these are to be paid out of the proceeds realized and are to be preferred to the lien." In Knight v. Whitman, 6 Bush, 51, the Supreme Court of Kentucky apply the principle to the case of a homestead; and it is also distinctly recognized in Long v. Walker, 105 North Carolina, 90. See also McNeil v. Bean, 32 Vt., 429, and Shelly's Appeal, 38 Pa. St., 210. We think the court did not err in its ruling.

The defendant Berry also complains that the court erred in rendering a personal judgment against him for the taxes due on his property. The

point was decided adversely to this contention in the case of the City of Henrietta v. Eustis, 87 Texas, 14. The difficulty in that case was that the city of Henrietta was incorporated under the general law, which gave cities incorporated under it a right to sell the property for taxes without a suit, and did not expressly authorize them to bring suit for their taxes. It was held, however, that a tax was a debt for which, in the absence of some express or implied prohibition in the written law, a personal judgment might be recovered. Section 183 of the charter of San Antonio expressly authorizes the city to sue for its taxes.

The plaintiff below, who was appellee in the Court of Civil Appeals, complains that the latter court erred in reforming the judgment of the District Court so as to allow the defendant two years, after the sale under the order of the court, for the redemption of the land. In support of the judgment, it is claimed that the case is controlled by the Act of April 13, 1895, in reference to delinquent taxes. Sections 11 and 14 of that act read as follows: "Sec. 11. Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this act." "Sec. 14. Where lands are sold under the provisions of this act the owner or anyone having an interest therein shall have the right to redeem said land, or his interest therein, within two years from the date of said sale upon the payment of double the amount paid for the land." Laws 1895, p. 53; Rev. Stats., arts. 5232m and 5232k. In our opinion, section 11 was not intended to take away the express authority given to any city by special charter to bring an ordinary suit to recover its taxes. Its purpose was merely to authorize cities, towns, and school districts to accept the benefits of that act should they see proper to proceed in the manner pointed out therein. As was said in our preliminary statement, the transcript does not show when the original petition was filed. If necessary to sustain the judgment, we should have to hold that it was filed before the statute referred to went into effect. It is clear, we think, that if the suit was brought before the statute was passed, the proceeding would not be affected by it. Not only is there nothing to show that it was intended to abridge any existing remedies conferred by law upon the corporations and quasi-corporations mentioned in section 11, but it is clear that that section was to have. only a future effect and was not intended to operate upon existing suits. Besides, it is apparent from the amended petition upon which the case was tried, that it was drawn without reference to that law. The charter permitted a suit to recover the taxes, and since no restrictions are prescribed in reference to the proceedings, it must be held that it was meant that it could proceed as under the general laws for the enforcement of liens, and that it could subject the property upon which the lien existed to an absolute sale for the payment of the taxes due upon it. We are also of opinion that section 13 of article 8 of the Constitution does not bear upon the question. The right of redemption which was secured to the owner by that section applies only to "the speedy sale" for which the Legislature was required to make provision. The language of the section itself makes

this manifest. It is as follows: "Provision shall be made by the first Legislature for the speedy sale of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale of all lands and other property upon which the taxes have not been paid, and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; provided, that the former owner shall, within two years from date of purchaser's deed, have the right to redeem the land upon the payment of double the amount of money paid for the land." The proviso in which the right of redemption is given makes the period begin from the date of the purchaser's deed; and the deed referred to is that previously mentioned—that is, to "the land thus sold." Clearly by "land thus sold" is meant the land which was to be sold under the summary remedy which the Legislature was to provide.

The judgment of the Court of Civil Appeals and that of the District Court are reversed in so far as they allowed a recovery for the five mills excess on the tax for general purposes for the year ending May 31, 1892, and the judgment of the Court of Civil Appeals is reversed also in so far as it denied the right of the city to a decree of absolute foreclosure. In all other respects the judgments are affirmed. A decree is here rendered in accordance with this opinion. The costs of the District Court are adjudged against the defendant Berry; the costs of the appeal, against the city, and the costs of the writs of error will be paid one-half by the appellant and one-half by the appellee.

*Reformed and rendered.*

DENMAN, J., did not sit in this case.