**ALAMO LAND & SUGAR CO. et al. v. HIDALGO COUNTY WATER IMPROVEMENT DIST. No. 2. (Nos. 7404, 7405, 7406.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1925.)

**1. Waters and water courses ⊜231—Constitutional period of redemption held inapplicable to sale for taxes levied by water improvement district.**

Const. art. 8, § 13, providing that first Legislature shall make provision for sale of property for taxes, giving owner 2-year period of redemption pursuant to which Rev. St. 1911, arts. 7683–7700, were passed, *held* not applicable to taxes levied by water improvement district duly organized under Vernon's Ann. Civ. St. Supp. 1918, art. 5107—1 et seq., and property owner in latter case has no 2-year period of redemption, and is entitled to redeem only at any time before sale, as provided in article 5107—50.

**2. Waters and water courses ⊜231—Neither general laws nor Constitution grant privilege of redemption to delinquent taxpayers to water district.**

Right of redemption does not exist without being specifically granted, and neither Constitution nor general laws on taxation grant such privilege to taxpayers of water district; inapplicability of general laws to such case being shown by fact that a different law than general tax law was enacted for them on question of redemption.

Appeal from District Court, Hidalgo County; L. J. Polk, Judge.

Three separate suits by the Hidalgo County Water Improvement District No. 2 against the Alamo Land & Sugar Company and others. From judgments for plaintiff in each suit, defendants appeal. Judgments affirmed.

R. E. Green, of Brownsville, Geo. P. Brown, of Edinburg, and Graham, Jones, Williams & Ransome, of Brownsville, for appellants.

Oliver C. Aldrich, of San Juan, and W. A. Hadden, of Weslaco, for appellee.

FLY, C. J. These are suits instituted by appellee against Alamo Land & Sugar Company, P. E. Blalack, G. L. Hawkins, Charles T. Knapp, R. B. Creager, and others, to recover taxes assessed and levied against real estate within the bounds of the water district, which were secured by a lien on the property. The court rendered judgment in No. 7404, in favor of appellee for $3,435.08, in No. 7405, for $3,517.45, and in No. 7406, for $1,268.27, and foreclosed liens in each case on the lands for the taxes. The points in the three cases are the same, and one opinion will be written for all three.

The only assignment of error is:

"This being a suit on behalf of the plaintiff to recover taxes alleged to have been assessed and levied against real estate within the bounds of the plaintiff district for the purpose of paying principal and interest on bonds created by the plaintiff, secured by a lien on the property, and these defendants having pleaded their right of redemption from the force and effect of any decree of foreclosure and tax sale thereunder that might be entered and ordered by the trial court, the trial court erred in its judgment and decree rendered herein on December 9, 1924, in ordering the clerk of the trial court to issue an order of sale directing the sheriff of Hidalgo county, Tex., to seize and sell the real estate described in plaintiff's petition and in said judgment as under execution, and directing said sheriff to make good and sufficient deed or deeds to the purchaser or purchasers of said property, and ordering said sheriff to place the purchaser or purchasers of said property in possession thereof within 30 days after the day of sale, and decreeing that said order of sale when issued shall have the force and effect of a writ of possession."

Under this assignment there are four propositions, each presenting one matter—the right of appellant to redeem within two years from the sale, and to hold possession during the two years.

[1] It is provided in article 8, § 13, of the state Constitution:

"Provision shall be made by the first Legislature for the speedy sale of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale of all lands and other property, upon which the taxes have not been paid; and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; provided that the former owner shall, within two years from date of purchaser's deed, have the right to redeem the land upon the payment of double the amount of money paid for the land."

This provision, as well as the statute enacted in compliance with the terms thereof, is claimed by appellant to apply to the sale of land for taxes by a water improvement district. In obedience to the demands of the Constitution, the Legislature passed laws in 1895, which were amended in 1897, in which liens were given on lands on which delinquent taxes rested in favor of the state or any city or town, and the provisions as to foreclosures seem to be applied only to suits by the state. In the case of City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496, the Supreme Court held that section 13 of article 8 of the Constitution did not apply to the city of San Antonio, and that therefore the provision of article 7696, Rev. Stats., which is:

"Where lands are sold under the provisions of this chapter, the owner, or any one having an interest therein, shall have the right to redeem said land, or his interest therein, within two years from the date of said sale upon the

payment of double the amount paid for the land,"

—did not apply to the city. In article 7699, cities and towns are given the authority to proceed as does the state in cases of delinquent taxes, but no mention is made of the right of redemption after tax sales. In the Berry Case, herein cited, the city was given the right of absolute foreclosure of the tax lien, and the right to redeem was denied.

The water improvement district was duly organized under the provisions of article 5107, with its subdivisions from 1 to 105 (Vernon's Ann. Civ. St. Supp. 1918, art. 5107—1 et seq.), and issued its bonds under the provisions of the article, and levied the taxes in accordance therewith. The district undoubtedly had the power to levy and collect the tax. Railway v. Ward County Irr. Dist. No. 1, 112 Tex. 593, 251 S. W. 212. The law cited was fully sustained in that opinion. There is no provision in the act for any redemption by a delinquent taxpayer to an irrigation district except that—

He "may redeem the same at any time before his lands are sold under the provisions of this act by paying to the collector the taxes due thereon with interest at the rate of six (6%) per cent., and all costs and the penalty of ten (10%) per cent. as provided in this act." Vernon's Ann. Civ. St. Supp. 1918, art. 5107—50.

[2] Redemption is not mentioned in any other part of the act, and it is clear that it was not the legislative intent that the delinquent taxpayer should have any right to redeem, except as provided in article 5107—50 herein quoted. There is nothing in article 8, § 13, of the Constitution inhibiting such a law; in fact it has no such law in contemplation. It has no bearing upon such a law, and cannot be applied to it. City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496, herein cited. The right of redemption does not exist without being specially granted, and neither the Constitution nor the general laws on taxation have granted such privilege to delinquent taxpayers to water districts. The statute creating such districts precludes the idea that the general law is applicable to that class of delinquent taxpayers by enacting a different law for them on the same subject. It is to all intents and purposes admitted by appellant that the Supreme Court has decided against its contention in San Antonio v. Berry, 92 Tex. 319, 48 S. W, 496, but it assails the soundness of that decision on the ground that the members of the Supreme Court "are only human and therefore liable to err," and it is charged that "they are undertaking to apply the Constitution to the statutes instead of applying the statutes to the Constitution." Whatever that may mean or however the application was made, the Supreme Court rendered a decision that stands to-day as delivered, and it has never been questioned by any competent authority. It is clear, as stated by the Supreme Court, that the Constitution had in view the passage of laws applicable to conditions then existing and to remedy certain evils then prevailing. It had reference to state and county taxes and no others.

Appellant seems to labor under the impression that the Court of Civil Appeals at Galveston, in the case of Collins v. Ferguson, 22 Tex. Civ. App. 552, 56 S. W. 225, had sustained its position, but it does not. While it criticizes the opinion in the Berry Case that the Constitution applies only to "summary sales," still, when the Constitution was applied to a tax sale in the city of Houston, the Galveston court held:

"The charter of the city of Houston, under which the foreclosure suit was brought, and which was in effect at the time the land * * * was sold, contains no redemption provision, and, following the case of City of San Antonio v. Berry [92 Tex. 319, 48 S. W. 496], we must hold that the trial court did not err in refusing to allow plaintiffs in error to redeem the land."

The Supreme Court, "following the case of City of San Antonio v. Berry," refused a writ of error and reaffirmed the holding in that case. It has stood as the law of Texas for more than 25 years.

It may be that the intimation by the Supreme Court, that the Constitution had reference only to lands sold without judicial procedure under summary methods, is not sound, but we think it is clear that the Legislature did not interpret the redemption of lands to apply to any but those sold by the state, for, in enacting the statute commanded by the Constitution, the Legislature made the redemption of delinquent tax lands applicable only to lands sold by the state for state and county taxes. That is clear from the provisions of chapter 15, article 7683 to article 7700, inclusive.

The judgments in the three cases are affirmed.