**Robert WELLS, Jr., Appellant,**

v.

**George FENLEY, Appellee.**

**No. 07–82–0247–CV.**

Court of Appeals of Texas,
Amarillo.

April 12, 1984.

Rehearing Denied May 3, 1984.

Sell, Griffin & Pirtle, Patrick A. Pirtle, Amarillo, for appellant.

Mark White, Atty. Gen., R.L. Lattimore, Asst. Atty. Gen., Austin, amicus curiae brief.

Michael B. Charlton, Houston, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

In this appeal, Robert Wells, Jr., is the appellant and George Fenley is the appellee. The matter in controversy is the ownership of certain real property described as: "Lot 2, Block 32, Hamlet Addition to the City of Amarillo, Potter County, Texas." The property was sold under execution to satisfy a judgment rendered against Fenley for the nonpayment of delinquent taxes, penalty and interest due under the provisions of the Limited Sales, Excise and Use Tax Act, ch. 24, 1961 Tex.Gen. & Spec. Laws, First Spec. Session 71, 92–95 (repealed 1982). Wells purchased the property at the sheriff's sale. Fenley purported to redeem the property. Wells filed suit to quiet his title. Fenley answered and filed a cross action claiming the property. The trial court rendered a take-nothing judgment against Wells, determined that Fenley had redeemed the property and declared him the rightful owner. Wells appeals from that judgment. Concluding that Fenley had no right to redeem the property, we reverse and render.

The case is before us on stipulated facts. The record shows on 17 June 1971, a default judgment was rendered against George Fenley in cause number 184,658, styled "The State of Texas and The City of Amarillo, Texas vs. George L.J. Fenley," in the 53rd District Court of Travis County, Texas, in the sum of $1,334.42 for delinquent taxes, penalty and interest due under the provisions of the Texas Limited Sales, Excise and Use Tax Act, *supra.* Of that sum, $1,043.47 was for state sales taxes, penalty and interest, and $290.95 was for city sales taxes, penalty and interest.

On 11 March 1981, the district clerk of Travis County issued a writ of execution in cause number 184,658. On 8 April 1981, the Potter County Sheriff levied on the real property in question. On 2 June 1981, Robert Wells, Jr., purchased the property at the sheriff's sale. On 25 June 1981, the sheriff's deed was delivered to Wells. On 7 July 1981, Fenley purported to exercise a right to redeem the property. On 30 September 1981, Fenley executed an affidavit which is filed of record in the Deed Records of Potter County, Texas, in Volume 1408 at Page 818. In that affidavit, Fenley claims he redeemed the property. Consequently, Wells filed suit to quiet his title.

Appealing from the trial court's judgment, Wells brings five points of error. The controlling issue presented by those points of error is whether Fenley had a right to redeem the property in question which was sold under execution to satisfy a judgment rendered against him for the nonpayment of delinquent taxes, penalty and interest due under the provisions of the Limited Sales, Excise and Use Tax Act, *supra.*

In their briefs, the parties labor under the mistaken belief that Fenley purported to redeem the property in question under § 34.21 of the Texas Property Code (Vernon 1982). Although the Legislature enacted the Property Tax Code on 13 June 1979, the provisions of that law were not effective until 1 January 1982. In the case before us, all of Fenley's purported acts of redemption occurred in 1981. Thus, § 34.-21 is not applicable in this instance.

Furthermore, under the law in effect in 1981, Fenley had no right to redeem the property in question. In the absence of a specific statutory or constitutional grant, the privilege of redemption does not exist. *Alamo Land & Sugar Co. v. Hidalgo Co. Water Imp. Dist. No. 2,* 276 S.W. 949, 950 (Tex.Civ.App.—San Antonio 1925, no writ). Under the provisions of the Texas Limited Sales Tax in effect in this instance (*i.e.,*

1981) the privilege of redemption was not granted to the delinquent taxpayer when his property was sold under execution to satisfy a judgment lien for the nonpayment of taxes, penalty and interest. Tex.Rev. Civ.Stat. art. 20.09 (1925) (repealed 1982).

We acknowledge that prior to enactment of the present Property Tax Code, the Legislature had granted a right of redemption to certain taxpayers when their property was sold under execution to satisfy a tax lien on their property for nonpayment of delinquent ad valorem tax. Taxing Units— Delinquent Taxes Act, ch. 454, § 2, 1947 Tex.Gen. & Spec.Laws 1061, 1063 (repealed 1982); Tex.Rev.Civ.Stat. arts. 1065, 7284, 7285 (1925), *amended by* Act of May 13, 1937, ch. 506, § 12, 1937 Tex.Gen. & Spec. Laws 1494–a, 1494–e and 1494–f (repealed 1982). However, those statutes did not extend a redemption privilege to the delinquent taxpayer when his property was sold to satisfy a judicial lien for the nonpayment of taxes due under the Texas Limited Sales, Excise and Use Tax Act. We further note in this instance that Fenley does not claim that he has a constitutionally granted right of redemption. Consequently, under the circumstances of the case before us, we conclude that Fenley had no right to redeem the property in question.

In summary, we sustain Wells' points of error, reverse the judgment of the trial court, and render the judgment the trial court should have rendered. Tex.R.Civ.P. 434. It, therefore, is ORDERED, ADJUDGED and DECREED that Fenley take nothing by his cross-action and that Wells' title to the real property in question is free and clear of the right of redemption asserted by Fenley in his cross-action.

All costs in this Court and the trial court are adjudged against Fenley.