## G. A. FOOTE V. FANNIE E. SEWALL ET AL.

### No. 6981.

1. **Judgment for Costs Against Unknown Owners.** — In a suit for specific performance and for partition of land against *unknown owners* alleged to be nonresidents, judgment for partition was valid, but judgment for costs against the unknown owners was without jurisdiction and was void.

2. **Same — Execution Sale.** — The execution under such judgment for costs was void, and a purchaser under it took nothing.

3. **Appearance—Statutes Construed.**—Suit filed November 17, 1846. Citation against nonresident unknown owners by publication under article 677, Hartley's Digest. Judgment November 16, 1847. In the record was an answer signed by attorneys, and referred to in the judgment. *Held*, the presumption is that the answer was filed by attorneys who were appointed by the court. Such answer did not bind the defendants.

APPEAL from Collin. Tried below before Hon. H. O. Head.
The opinion states the case.

*Jenkins & Pearson,* and *Garnett, Muse & Mangum,* for appellant.—1. Under the laws of Texas, when a District Court has jurisdiction to render judgment in partition proceedings against an unknown owner of land it has the power to enforce said judgment by execution as to the costs, and if an execution issues under such a judgment it is not necessary to specifically mention in said execution the given names of the parties when said given names are unknown, provided said unknown parties are described by a name by which they can be readily

identified. Hart. Dig., arts. .646, 677, 814, 1336, 1377, 1214; Laughter v. Seela, 59 Texas, 177; Brown v. Renfro, 63 Texas, 600; Freem. on Cotenancy and Part., sec. 483.

2. The District Court having jurisdiction of a cause, either by personal service or by publication, where appropriate relief is prayed for may grant all such orders, writs, or other process necessary to obtain such relief, and may also so frame the judgments of the court as to afford all the relief which may be required by the nature of the case, and which is granted by courts of law or equity. Hart. Dig., arts. 646, 677, 814, 1336, 1377, 1214.

3. The court erred in holding that the unknown heirs of Rufus Sewall were not represented by counsel selected by themselves, and in holding that the counsel who represented them were appointed by the court. Treadway v. Eastburn, 57 Texas, 214; Tennell v. Breedlove, 54 Texas, 543; Fitch v. Boyer, 51 Texas, 344; Davis v. Robinson, 70 Texas, 397.

*J. S. Jenkins, Tom Andrews,* and *John Henry Shepherd,* for appellees.— 1. The District Court has no jurisdiction to issue execution and sell the land of unknown heirs who are nonresidents, where the land is not attached or condemned by the court in its judgment. The names of the parties whose property is to be sold must be specifically set out in the execution. Hockstadler v. Sam, 73 Texas, 315; 54 Texas, 194; Pennoyer v. Neff, 95 U. S., 714; Freem. on Ex., sec. 42; Hart v. Sansom, 110 U. S., 151; Webster v. Reid, 11 How., 437.

2. District Courts have no jurisdiction over the person of nonresident defendants, nor over the property of nonresidents, except by seizing the property under a writ of attachment. Hart v. Sansom, 110 U. S., 151; Pennoyer v. Neff, 95 U. S., 714, and authorities cited.

TARLTON, Judge, *Section B.*—This is a suit of trespass to try title, brought by appellees to recover 106 acres of land in the Rufus Sewall survey in Collin County, Texas. The land was patented to Rufus Sewall, grandfather of appellees. Appellees introduced patent and proved heirship. Appellant claimed title by virtue of a sale made under execution for costs issued from the District Court of Fannin County, Texas, in a certain cause wherein Daniel Rowlett was plaintiff and the unknown heirs of Rufus Sewall were defendants. It is admitted that if the judgment, execution, and sale of the land in controversy passed the title to said land from Rufus Sewall and his heirs the appellant has a complete chain of title, but it is also agreed that if said judgment, execution, and sale did not pass title to the land in controversy then appellees, Rufus Sewall's heirs, are entitled to recover.

From a judgment rendered in behalf of appellees by the District Court of Collin County appellant appeals to this court.

Two questions are to be considered by us: (1) The validity and effect of the judgment referred to. (2) The validity of the execution under which the land was sold.

Daniel Rowlett brought suit to the Fall term, 1845, of the District Court of Fannin County, against the "unknown heirs of Rufus Sewall." The suit was to enforce specific performance of a locative contract, with reference to four land scrips, entered into between Rufus Sewall, deceased, and plaintiff, and to obtain partition of the land located under said contract, in accordance with the terms thereof, one-third to plaintiff and the remainder to the said unknown heirs. The petition also prayed for citation by publication and for a judgment for costs.

November 17, 1846, Daniel Rowlett, having previously made affidavit that the heirs of Rufus Sewall were unknown to him, further made oath that, as he was informed and verily believed, they resided beyond the limits of the State of Texas.

December 23, 1846, citation by publication was issued for the said "unknown heirs of Rufus Sewall," which, according to the return of the sheriff, was published for twelve weeks, the period then required by law.

An answer, bearing no file mark, was found among the original papers of the cause, in the following words:

"*Daniel Rowlett v. Heirs of Rufus Sewall.*—In this case the defendants appear by attorney and admit the several allegations contained in plaintiff's petition, and pray that the court make a decree according to plaintiff's prayer, and according to equity, justice, etc.

"MARTIN & EPPERSON."

The evidence shows that Martin & Epperson were, before and during the pendency of the suit, reputable and leading attorneys in the Fannin district.

November 16, 1847, the District Court rendered judgment in the suit, which we think it proper to reproduce, in part, literally, as follows:

"TUESDAY, November 16, 1847.—294.—*Daniel Rowlett v. The Unknown Heirs of Rufus Sewall.*—Now at this time comes the plaintiff aforesaid, and the defendants by their attorneys, and defendants' attorneys confessing all and singular the allegations contained in plaintiff's petition, this cause was submitted to the court."

The court then proceeded to decree a partition between the plaintiff, to whom it awarded one-third of the land, and the defendants, to whom it awarded two-thirds of the land, and to render judgment in favor of the plaintiff against the defendants for costs of suit. The 106-acre tract in controversy in this suit is a portion of the land involved in the partition, and it was afterward on report of a commission set aside to the said "unknown heirs of Rufus Sewall." Subsequent to this allotment, the execution in question, general in its direction and com-

manding the sheriff to make the money out of any property of defendants, issued under said judgment against the unknown heirs of Rufus Sewall for costs amounting to $75.32. It was ·levied upon this land (among other tracts), and the land was bought at sheriff's sale by one Samuel P. Coleman, through whom appellant claims.

The learned judge who tried this cause found in effect that the judgment in question was rendered on constructive service by publication, and on an appearance by the defendants represented by attorneys *appointed by the court;* that the judgment imports absolute verity in so far as it effected a partition of the land; but that the execution for costs on such a judgment was not authorized by the statute under which the proceedings were had, and that before· an execution can issue against "unknown parties" it must be expressly authorized by statute. The suit was begun under Hartley's Digest, article 677. It was so instituted, and we must conclude it so ended. It must be regarded throughout as a suit against the "unknown heirs of Rufus Sewall." In the judgment, the final act of the court, the defendants are so described. We are therefore to conclude, with the court below, that the attorneys who appeared for them were appointed by the court under the provisions of the statute then in force; and not by virtue of an employment by the heirs themselves. The judgment, therefore, effecting partition was valid; but as to the judgment for costs, this consequence does not obtain. It appears affirmatively from the record that the "unknown heirs of Rufus Sewall" were nonresidents. The judgment could therefore only bind them in relation to the property in litigation. The proceeding could not beget a personal demand against the defendants for costs, to be satisfied out of their property generally. As to the costs, the suit must be regarded as an action in personam, and so could not prevail. Pennoyer v. Neff, 95 U. S., 714; Freeman v. Alderson, 119 U. S., 190. The execution in question was hence void, and no title passed by the sheriff's deed. Taliaferro v. Butler, 77 Texas, 582.

The judgment in the case should be affirmed.

*Affirmed.*

Adopted October 20, 1891.