C. KILMER v. J. T. BROWN ET AL.

Decided March 27, 1902.

1.—Nonresident—Personal Judgment—Citation by Publication.

A personal judgment against a non-resident cited by publication, rendered on such constructive service, is void and will not support a sale of property thereunder.

2.—Same—Unknown Heirs—Guardian ad Litem.

Where certain parties were sued and cited by publication as the unknown heirs of M., and the judgment recited that they appeared by guardian, but there was nothing anywhere in the record disclosing their names, it sufficiently appeared that they were never personally before the court, and a personal judgment against them for costs of suit was void.

3.—Same—Citation by Publication Authorized.

Where plaintiff's petition, filed in 1858, showed a cause of action against the ancestor, who was alleged to be dead, his unknown heirs could be cited as parties defendant under the Act of 1848, although the ancestor had never been a party to the suit. Pasch. Dig., arts. 25, 26.

Appeal from Nacogdoches. Tried below before Hon. Tom. C. Davis.

*Ingraham, Ratcliff & Hutson* and *Spencer & Scott,* for appellant.

*Blount & Garrison,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellant, C. Kilmer, against J. T. Brown and others for the recovery of 800 acres of land of the N. de la Cerda grant in Nacogdoches County, described by metes and bounds in the petition, and being a part of block 4 of a partition of said grant. The defendants answered by a general demurrer and plea of not guilty. The case was tried by the court without a jury and judgment was rendered in favor of the defendants.

Both of the parties claim title as common source under a judgment of the District Court of Nacogdoches County rendered in cause No. 2464, N. J. Moore et al. v. Atanacio de la Cerda, brought for the partition of the grant. The plaintiff claims through an execution sale of the land for costs adjudicated in said suit against the unknown heirs of Antonio and Maria Padilla, to whom block No. 4, of which the land in controversy is a part, had been decreed in the petition. Defendants deraign title from the heirs of Antonio and Maria Padilla, and deny the validity of the personal judgment for costs and the execution sale thereunder. The partition suit No. 2464, N. J. Moore et al. v. Atanacio de la Cerda, was filed in the District Court of Nacogdoches County April 5, 1858. The plaintiffs in that suit alleged in their petition that they held in common with the defendants an undivided interest in said grant as purchasers from certain of the heirs of N. de la Cerda; that Charles A. Barriere, one of the defendants, owned an interest by purchase from one of the heirs; and that the interests of the

defendant Atanacio de·la Cerda, a son, and of Maria Padilla, who was a daughter of N. de la Cerda and wife of Antonio Padilla, had not been transferred; "that Atanacio is a resident of the State of Louisiana, and they are informed Maria Padilla died in said State, leaving several children, whose names are unknown to your petitioners, as are also their places of residence;" that Charles A. Barriere resides in New Orleans, in the State of Louisiana.

They prayed that said Atanacio de la Cerda and the heirs of Antonio Padilla and Maria Padilla, his wife, in her own right, and Charles A. Barriere be made parties defendant to the proceeding; and that the said Atanacio de la Cerda and the heirs of Antonio Padilla and Maria Padilla, his wife, "whose names and residences are unknown," and the said Barriere be cited by publication, and for partition in accordance with the interests of the parties, which were defined, one-eighth to be set apart to the heirs of Antonio Padilla and Maria Padilla. An affidavit was made by Charles S. Taylor, one of the attorneys for the plaintiffs, "that he is informed and believes the said defendants, Atanacio de la Cerda and Charles Barriere are not residents of the State of Texas, but reside in the State of Louisiana, and that the names of the heirs of Antonio Padilla and Maria Padilla, his wife, as also their places of residence, are unknown to affiant." The affidavit is dated March 26, 1859, and was filed on the same day. On the same day also a writ of publication was issued in the cause, which contained the recitation, "and oath having been made of the nonresidence of the said defendants, Atanacio de la Cerda, Charles A. Barriere, and the heirs of Antonio Padilla and Maria Padilla, his wife, as also that the names of said heirs are unknown; you are therefore commanded," etc.

Service was had as directed in the writ by publication for eight successive weeks in the Nacogdoches Chronicle, a newspaper published in Nacogdoches County, as shown by the return of the sheriff and the affidavit of the publisher. There appears in the record an answer filed January 10, 1859, by H. Hancock "as guardian ad litem for the heirs of Antonio and Maria Padilla under appointment of said honorable court," etc. The decree ordering partition bears no date. It contains the following recital: "And came the plaintiffs, and Charles A. Barriere by Rich'd S. Walker, their attorney, and the minor heirs of Antonio and Maria Padilla, being represented by Amos Clark, guardian ad litem by appointment of the court heretofore made, and no other parties appearing, the said attorneys and said guardian announcing themselves ready for trial, the cause was submitted to the court." There was a recitation of the citation of Atanacio de la Cerda by publication and judgment by default was taken against him. Partition was decreed and commissioners were appointed and ordered to report to the next term of court. An interest of one-eighth was decreed to the "heirs of Maria Padilla and Antonio Padilla, whose names are unknown." At the August term, 1867, of said District Court the report of the commissioners in partition was approved and confirmed and partition was

decreed in accordance therewith. Said block 4 was allotted to "the heirs of Maria Padilla and Antonio Padilla, whose names are unknown." The costs of the partition were adjudged according to the respective interests of the parties, to be collected by execution.

Plaintiff's right to recover depends upon the validity of the personal judgment against the unknown heirs of Maria Padilla for their share of the costs of partition. A personal judgment against a nonresident cited by publication rendered on such constructive service is void and will not support a sale of property thereunder. Pennoyer v. Neff, 95 U. S.; 565; Foote v. Sewall, 81 Texas, 659. But the judgment of a domestic court of general jurisdiction having jurisdiction of the subject matter, rendered against a defendant cited by publication, it not appearing from the record of the cause that the defendant was a nonresident, imports absolute verity and is not subject to collateral attack. Martin v. Burns, 80 Texas, 676; Iams v. Root, 22 Texas Civ. App., 414; Cooper v. Mayfield, 57 S. W. Rep., 50, and authorities cited in these cases. The Supreme Court of the United States has held that a Federal court though sitting within the same territory in which a State district court sits is not bound to treat the judgment of the State court as a domestic judgment, but will examine into the jurisdiction of the State court over the person of the defendant. Cooper v. Newell, 173 U. S., 555, extending the doctrine announced in Pennoyer v. Neff. The Supreme Court of this State reaffirmed the rule as to the presumptions to be indulged in favor of the validity of the judgment of a domestic court of record of general jurisdiction in the case of Crawford v. McDonald, 88 Texas, 628, but say: "Whether an exception has been ingrafted upon this rule by the decision of the Supreme Court of the United States in Pennoyer v. Neff, 95 United States, 565, and if so what is the effect thereof, is foreign to this discussion." The opinion cites Martin v. Burns, supra, and Hardy v. Beatty, 84 Texas, 564. In Martin v. Burns the rule is defined and was applied in all its strictness against defendants whose names were known, but whose places of residence were unknown, while in Hardy v. Beatty it was relaxed to let in evidence to show that persons who were sued as the unknown heirs of a deceased ancestor and whose places of residence were also unknown were in fact nonresidents at the time they were cited, and it was held that a personal judgment against them for the costs of the partition was invalid although the judgment decreeing partition was not subject to collateral attack, the judgment reciting due service by publication. See also Taliaferro v. Butler, 77 Texas, 578; Foote v. Sewall, 81 Texas, 659; Gillon v. Wear, 9 Texas Civ. App., 47; Gunter v. Armstrong, 2 Texas Civ. App., 599; Watson v. McClane, 45 S. W. Rep., 176.

These cases are easily distinguished from and are not in conflict with Martin v. Burns, Iams v. Root, Cooper v. Mayfield, and the cases cited in them. Iams v. Root and Cooper v. Mayfield were decided by this court and were cases in which a known defendant was cited by publication and the judgment recited due service. Watson v. McClane was

a proceeding for partition in which unknown heirs were defendants and personal judgment was rendered against them for costs. In the case of Taliaferro v. Butler, supra, our Supreme Court in an opinion by Judge Henry said that "the personal judgment for costs rendered against defendants had no greater validity than any other personal judgment rendered against a nonresident in service by publication alone." The record in the case showed that the parties against whom the validity of the judgment was asserted were sued and cited as unknown heirs, and that there was not even any evidence aliunde the record to show that they were nonresidents, for the trial court excluded the judgment, execution, and deed upon the fact appearing that the defendants had been cited by publication. And in that case the Supreme Court prescribe as the rule for the collection of the costs of partition that the trial court should adjudge such costs to be a lien on the shares and should give appropriate directions as to the time and manner of sale as well as of the quantity to be sold, and require the sale to be made subject to the approval of the court, and so regulate the proceedings as to prevent the shares allotted to absent defendants from being consumed by the costs incurred in making the division. This decision is followed by Gillon v. Wear, supra, which was similar in all respects.

Evidence was offered by the defendant on the trial below to show that the heirs of Maria Padilla when cited were nonresidents, but on objection by the plaintiff that it was inadmissible thus to collaterally attack the judgment, it was excluded. A bill of exceptions was taken, but there is no cross-assignment of error, and the action of the court in excluding the evidence is not before us for revision. We are of the opinion, however, that it sufficiently appears from the entire record that the unknown heirs of Maria Padilla were nonresidents, even if under the decision in Taliaferro v. Butler they should not have the same rule applied to judgments against them as against nonresidents. The petition alleged that the defendants were the children of Maria Padilla, who died in the State of Louisiana; the writ recited that oath had been made that they were nonresidents. While the recital in the judgment is that the minor heirs of Maria Padilla appeared by their guardian Amos Clark, there is no pleading furnishing the names of the minor heirs, and it appears by the adjudication of the interests of the parties and subsequent proceedings that they were unknown. The only inference that can be made from the record is that the defendants were throughout the entire proceeding only before the court as unknown heirs and never personally before it. To make any other inference would contradict the record.

It is further contended by the defendants, and such seems to have been the opinion of the court below in rendering the judgment, that there was no law authorizing such constructive service upon the unknown heirs of Maria Padilla at the time, and that for that reason alone the judgment may be affirmed. The suit was brought April

5, 1858, and the affidavit for citation by publication was filed March 28, 1859, and publication was completed and the writ filed July 16, 1859. For some reason the case remained on the docket until 1867, before the decree of partition was entered. The law in force at the time the citation was made was the Act of March 16, 1848. Pasch. Dig., arts. 25, 26. The purpose of the act was to authorize citation by publication of parties to a suit at the time of its institution or during the progress thereof, on affidavit of nonresidence; absence from the State; that the defendant is a transient person; or that his residence is unknown to the affiant; and if at its institution or during the progress of a suit the plaintiff, his agent or attorney, should make affidavit that the names of the heirs, successors, or legal representatives of any deceased person party to such suit were unknown to the affiant, the clerk of the court was required to issue a writ for such heirs, successors, or legal representatives whose names were unknown, giving the name of the original deceased party, their ancestor.

In Love v. Henderson, 42 Texas, 522, it was held that article 25, Paschal's Digest, authorizing citation of parties whose residences were unknown did not apply to the case of the unknown heirs of a deceased person, but that the Act of November 10, 1866 (Paschal's Digest, article 5460), applied, it being a case originating subseqent to the passage of that act. In Byrnes v. Sampson, 74 Texas, 81, it is said that the law of 1848 limited the service by publication on unknown heirs to suits where their ancestors were parties. If this were true the citation in this case would be without authority in law. But what was said in Byrnes v. Sampson was not necessary to a decision of the case, and being dictum we do not regard it as authority for the contention. Since the citation was authorized upon an affidavit at the institution of the suit, it is evident that the deceased ancestor must not necessarily have been a party to the suit to authorize the citation of his heirs. If the petition showed, as in this case, a cause of action against the ancestor who is alleged to be dead, his unknown heirs might have been cited as parties defendant under the Act of 1848. We think this construction should be given of the act, and that the unknown heirs of Maria Padilla were properly cited.

We are of the opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Writ of error refused.