MRS. LUCY KUBENA ET VIR V. NARCISSUS HATCH ET VIR.

No. A-756. Decided February 27, 1946.
Rehearing overruled April 3, 1946.
(193 S. W., 2d Series, 175.)

*Moss & Moss,* of LaGrange, for petitioners.

The proceedings in the tax suit, under which the petitioners acquired title, were regular and legal, and there is nothing in the record to show otherwise. This being a suit in trespass to try title, it was necessary for respondents to show title in themselves. Levy v. Roper, 113 Texas 356, 256 S. W. 251; Hughes v. Wright, 127 S. W. (2d) 215; Edens v. Grogan Cochran Lbr. Co., 172 S. W. (2d) 730.

*Marvin D. Fertsch,* and *Charles Fertsch,* both of Halletsville, for respondents.

Mrs. Narcissus Hatch was a necessary and indispensable party to a suit to foreclose a tax lien against her homestead, as she had the right to set up her homestead estate in defense of the suit, and being a party the judgment is void. Cooley v. Miller, 228 S. W. 1085; Bruce v. Thomas, 106 S. W. (2d) 806; Cline v. Niblo, 117 Texas 474, 8 S. W. (2d) 633.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This is a suit in trespass to try title involving 57 acres of land in Fayette County. It was filed by respondents, Narcissus Hatch and husband, Robert Hatch, against petitioners, Lucy Kubena and husband, John A. Kubena. The trial resulted in a judgment for petitioners, which was reversed by the court of civil appeals with instructions that the trial court render judgment for respondents. 190 S. W. (2d) 175.

Robert Hatch inherited the land as his separate property in 1916. It was thereafter continuously occupied by him and his wife as their homestead until they were ejected in 1944 at the institution of this suit. During their occupancy taxes on the property for 1936 and six prior years became delinquent. In 1938 the State of Texas, for itself and on behalf of Fayette County, filed suit against Robert Hatch for these unpaid taxes, seeking foreclosure of a tax lien on the land. Narcissus Hatch was not made a party defendant. In May 1938 judgment was rendered against Robert Hatch for $175.77 and for foreclosure of a lien upon the land. Included in the foreclosure was the sum of $19.50 for poll taxes levied against both Robert and Narcissus Hatch. No question of homestead was urged as a defense to the suit nor was the matter in any manner adjudicated. The land was sold under order of sale to Lucy Kubena for $210.

In the instant suit respondents challenged the validity of the proceedings in the tax suit because Narcissus Hatch, who had a homestead interest in the property, was not a party defendant, and because there was a foreclosure for poll taxes in violation of Article 16, Section 50, Constitution of Texas, which prohibits the sale of the homestead for any taxes except those due thereon. The court of civil appeals sustained these contentions, holding that because of the poll taxes the trial court was without jurisdiction to foreclose the lien and for that reason the whole judgment was void.

■ We agree with the court of civil appeals that the trial court in the former suit was unauthorized to foreclose the lien for the poll taxes and that such portion of the judgment is void, not only as to the wife who was not a party, but as to the husband who was a party. Higgins v. Bordages, 88 Texas 458, 31 S. W. 52. We are not in accord, however, with the further holding that by reason of this partial invalidity the judgment is void as a whole.

■ The provision of the Constitution which prohibits the sale of the homestead for the payment of debts contains certain exceptions, one of which is that the homestead is not protected from forced sale for taxes due thereon. All of the demand involved in the foreclosure suit except the poll taxes was for taxes, interest, penalties and costs, legally chargeable against the homestead. For this debt the homestead, like other property, must bear its proportionate share of the burdens of government; and to enforce the payment of these taxes the taxing units held a valid lien under both the constitution and statutes of this state. City of San Antonio v. Toepperwein, 104 Texas 43, 133 S. W. 416; Article 8, Section 15, Constitution of Texas; Articles 7172, 7279 and 7320, V. A. C. S.

■ In suits against the husband for foreclosure of a tax lien on the homestead the wife is not a necessary party for the reason that the plea of homestead would be no defense to the suit. Jergens v. Schiele, 61, Texas 255; City of San Antonio v. Berry, 92 Texas 319, 48 S. W. 496; Cooley v. Miller, Tex. Com. App. 228 S. W. 1085, and authorities cited. Thus Narcissus Hatch was not a necessary party to the foreclosure suit for that portion of the claim which constituted a debt against the homestead. She was a necessary party only for the purported foreclosure for the poll taxes. Consequently, we must determine whether her status as an indispensible party for the latter claim deprived the court of jurisdiction to adjudicate the remainder of the de-

mand for taxes lawfully due upon the homestead in a portion of the cause of action to which she was not a necessary party.

The court of civil appeals seems to have relied chiefly upon the case of Tate v. McGraw, 70 S. W. (2d) 467, 468, modified 73 S. W. (2d) 559, in determining that the judgment was void as a whole. That case is similar to this in that it involved a collateral attack upon a judgment against Tate foreclosing a lien upon his homestead for poll taxes as well as ad valorem taxes. It was there held that as the poll taxes constituted no lien upon the homsetead the attempted foreclosure was unauthorized and that the order of sale and sheriff's deed were void. That case, however, may be distinguished from this in one important respect. The opinion shows that on appearance day, before judgment was rendered, Tate paid the district clerk all accrued costs in the suit; paid the tax collector all of the taxes, penalties and interest claimed by the state; and received a redemption receipt evidencing such payment. Commenting on these facts the court stated:

" * * * In this changed status, we think it became the plain duty of the official in charge of the litigation to have dismissed the suit, as the state had no lien upon or salable interest in appellant's land after the cause of action was satisfied.'"

It is only upon the theory that no lien of any kind existed against the homestead when the foreclosure judgment was rendered that the holding in Tate v. McGraw may be sustained. The inclusion of the poll taxes added no vice to the foreclosure proceedings because no lien existed for any part of the alleged debt whether for ad valorem or poll taxes. In the absence of a valid lien the foreclosure was forbidden by the Constitution regardless of the nature or amount of the money demanded. Thus the poll taxes were immaterial.

■ Contrary to the common law rule that a judgment is considered as an entirety and must be vacated as a whole, it is well settled in this state that a judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it. City of San Antonio v. Berry, 92 Texas 319, 48 S. W. 496; Hemphill v. Watson, 60 Texas 679; State Mtg. Corporation v. Ludwig, 121 Texas 268, 48 S. W. (2d) 950; Boone v. Hulsey, 71 Texas 176, 9 S. W. 531; Cooksey v. Jordan, 104 Texas 618, 143 S. W. 141; Foote v. Sewall, 81 Texas 659, 17 S. W. 373; Missouri-Kansas-Texas R. Co. of Texas v. Pluto, 138 Texas 1, 156 S. W. (2d) 265; Levy v. Roper, 113 Texas 356, 256 S. W. 251; Lewright v. Reese, 223 S. W.

270, error refused; Bevill v. Young, 167 S. W. (2d) 573, writ refused; Taylor v. Dinsmore, 114 S. W. (2d) 269, writ refused.

The first three cases cited in the foregoing paragraph furnish ample authority for our disposition of all questions in this suit, and we shall limit our discussion to them, although principles of similar import may be found in the others.

In City of San Antonio v. Berry the City of San Antonio attempted to levy a tax in excess of the limited prescribed by its charter. Thereupon taxes containing the excess were levied upon the homestead of Berry, and thereafter they became delinquent. The city sued him to foreclose a lien upon his property without joining his wife in the action. The city secured a judgment with a decree foreclosing the lien upon the homestead. When the case reached this court that portion of the foreclosure recovery which was within the limitations of the city charter was affirmed, but that in excess thereof was declared void, and this court reversed and rendered judgment as to it. In passing upon the effect of the partial invalidity of the decree upon the judgment as a whole this court, speaking through Justice Gaines, said:

"The levy in question is 5 mills upon the $100 in excess of the limit prescribed by the charter of the city, and cannot, in its entirety, be upheld. The question, then, arises, is it void as a whole or is it void only as to the excess? Upon the question there is a conflict of authority. But in the case of Nalle v. City of Austin, 91 Tex. 424, 44 S. W. 66, this court held 'that, when suit is instituted by a city or county for the recovery of a tax due to it, and it is found that such tax is in part lawful and in part illegal, if the legal and illegal parts are capable of definite ascertainment and apportionment, a court will apportion the taxes, and give judgment for that part which might lawfully have been levied.' The proposition is supported by numerous cases, which are cited in the opinion. In that case there was a levy by the city council to pay the interest and sinking fund upon certain bonds of the city, some of which were sold and some not sold. It was decided that so much of the levy as was intended to pay interest and sinking funds upon the bonds still in the hands of the city was unauthorized and void, but that as to the remainder the levy was valid. We think the principle applied in that case should be applied in this. The cases are not precisely the same, for in the former case the purpose for which a portion of the levy was made was illegal, while in this the purpose of the levy was lawful, but the amount was in excess of the authorized limit. Here the council could have levied 1 per

cent, upon the assessed value of all property subject to taxation by the city, and under the circumstances of the case we see no reason why the tax to that extent may not be lawful."

The validity of the judgment in that case was also attacked on the ground that the wife was a necessary party to the suit, and the question was raised under circumstances identical in in effect with the facts before us, namely, where there was a foreclosure on the homestead without the joinder of the wife and where a portion of the demand was void and a portion valid. In determining that issue the court stated:

"It is also assigned that the trial court and the court of civil appeals erred in holding that the wife of the defendant was not a necessary party to the suit. The lots upon which the taxes were claimed were the homestead of the defendant, and it seems that he was a married man. In Jergens v. Schiele, 61 Tex. 255, it is held (quoting from Thomp. Homest. & Exemp. Sec. 696) that 'to any proceeding in which the right of homestead is not available as a defense * * * it is obvious that the wife is not, on account of the fact that the locus in quo constitutes the family homestead, a necessary party.' The property in controversy was subject to be sold for the taxes due upon it, whether it was homestead or not; so that there was no question of homestead involved in the case. The assignment points out no error."

In Hemphill v. Watson there was a trustee's sale of land under a deed of trust where a part of the claim was valid and part invalid. In that case Hemphill secured a loan of $300.00 from Watson and agreed to pay usurious interest therefor. He executed a deed of trust on the land to secure the debt. Upon default the land was sold to the mortgagee under the deed of trust. Hemphill brought suit against Watson to vacate the sale and set aside the trust deed. He claimed that the contract was in contravention of the constitution and that the deed of trust and sale were void on account of usury. It was there held that the principal debt for $300.00 was a valid claim which could not have been defeated by a plea of usury and that the sale should "be upheld for at least the principal sum due upon the debt." It was further stated in the opinion:

"Certainly, where a part of the mortgage debt is collectible at law and part not, and the two can be separated, a sale under the mortgage will be sustained. 1 Jones on Mort., Sec. 620."

In State Mtg. Corporation v. Ludwig this court declared that the same principle announced in Hemphill v. Watson as to

the sale of land by a trustee under a deed of trust, applies with more compelling force to sales by public officers under a regular judgment, a part of which is valid and unsatisfied. In that case there was a collateral attack upon a sale under a tax foreclosure judgment which included penalty and other items wholly unsupported by pleadings. Part of the judgment was for taxes and costs lawfully due and which were supported by regular pleadings and therefore valid. It was stated that such circumstances brought the case within the principle underlying the decisions in Cooksey v. Jordan and Foote v. Sewall, supra, to the effect that the partial invalidity of a judgment does not render invalid so much of it as the court had authority to enter. It was held that the judicial sale under such a judgment was not void. With reference to its validity this court, speaking through Justice Greenwood, said:

"It is settled law in this state that a sale of land by a trustee under deed of trust for the payment of a debt, of which part is void and part valid, is not a nullity. Hemphill v. Watson, 60 Texas 679; Groesbeck v. Crow, 85 Texas 200, 20 S. W. 49; Roseborough v. Picton, 12 Texas Civ. App. 113, 34 S. W. 791, 43 S. W. 1033; Openshaw v. Dean, 59 Texas Civ. App. 498, 125 S. W. 991. There is stronger reason for refusing to adjudge void a sale by public officer under a regular judgment of the district court, of which part is valid and unsatisfied."

In view of the law announced, it follows that the court of civil appeals erred in holding the judgment and sale void.

The judgment of the court of civil appeals is reversed and that of the trial court affirmed.

Opinion delivered February 27, 1946.

Rehearing overruled April 3, 1946.