Opinion issued June 23, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00523-CV

———————————

**GLENN BECKENDORFF, IN HIS OFFICIAL CAPACITY AS WALLER COUNTY JUDGE, FRANK POKLUDA, IN HIS OFFICIAL CAPACITY AS WALLER COUNTY PRECINCT TWO COMMISSIONER, AND STAN KITZMAN, IN HIS OFFICIAL CAPACITY AS WALLER COUNTY PRECINCT FOUR COMMISSIONER, Appellants**

**V.**

**CITY OF HEMPSTEAD, TEXAS, CITIZENS AGAINST THE LANDFILL IN HEMPSTEAD, PINTAIL LANDFILL, LLC, AND WALLER COUNTY, TEXAS, Appellees**

On Appeal from the 506th District Court
Waller County, Texas
Trial Court Case No. 13-03-21872

**DISSENTING OPINION**

The majority errs in granting the motions of appellees, City of Hempstead ("Hempstead"), Texas, Citizens Against the Landfill in Hempstead ("CALH"), and Waller County, Texas, to dismiss the appeal of appellants, Glenn Beckendorff, former Waller County Judge, Frank Pokluda, former Waller County Precinct Two Commissioner, and Stan Kitzman, former Waller County Precinct Four Commissioner. Accordingly, I respectfully dissent.

The majority concludes that appellants lack the capacity, i.e., the personal qualifications, to challenge the trial court's judgment because they "no longer h[o]ld office" and their "notices of appeal were filed . . . at a time when [they] were no longer officials of Waller County and thus had no 'official capacity.'" And it holds that "having been divested of their official authority at the expiration of their terms in office, the appellants thereafter lack official capacity to appeal from the final judgment."

In reaching its conclusion and holding, the majority misconstrues appellants' appeal as a challenge to the substance and entirety of the trial court's judgment—an "Agreed Final Judgment" based upon a settlement agreement by the "parties to the lawsuit." The majority asserts that appellants' challenge is based on their "[d]issatisf[action] with the settlement."

I agree that appellants do not have either standing, i.e., a justiciable interest, or the capacity, i.e., the personal qualifications, to challenge, on behalf of Waller

2

County, the substance and entirety of the trial court's judgment. They are in fact no longer Waller County officials. However, appellants are not attempting to challenge, on behalf of Waller County, the substance and entirety of the trial court's judgment.[1] Rather, alternative arguments aside, they are only challenging the trial court's judgment to the extent that it erroneously names them as parties "in their official capacit[ies]." *See* TEX. R. APP. P. 43.2 ("The court of appeals may . . . (a) affirm the trial court's judgment in whole or in part; (b) modify the trial court's judgment and affirm it as modified; [or] (c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered. . . .").

As appellants succinctly state: "The primary relief sought by [them] is the substitution of parties. . . . [Appellants'] names should have been substituted [with the names of] the newly elected officials in any documents created and entered related to this matter after [appellants] left office." And in their first issue, appellants clearly contend that

> [t]he trial court erred in failing to grant Appellants' Motion to Strike/Dismiss the former Commissioners as parties to the suit.

---

[1] Appellants assert, "*If* [this] Court holds that they are proper parties, *then* they must attack the Agreed Final Judgment as void." (Emphasis added.) And in such "alternative" case, the trial court erred in "overruling [their] objections to the jury charge"; denying their plea to the jurisdiction and motion for judgment notwithstanding the verdict; "granting the Joint Motion to Enter the Agreed Final Judgment"; and "entering the Agreed Final Judgment."

3

Given the undisputed facts, it is readily apparent that the trial court did err in not granting appellants' motion. And, to the extent that appellants are simply seeking the substitution of parties, to which they are entitled as a matter of law, they have both standing and the capacity to assert their challenge to the trial court's judgment on appeal to this Court.

## Background

On December 18, 2014, a jury rendered a verdict in favor of Hempstead and CALH in their suit for declaratory and injunctive relief against appellants. On December 31, 2014, Beckendorff's term as county judge expired, and he was succeeded in office by Carbett "Trey" J. Duhon III. Pokluda's and Kitzman's terms as county commissioners also expired at that time, and they were succeeded in office by Russell Klecka and Justin Beckendorff, respectively.

Two weeks later, on January 12, 2015, Hempstead and CALH moved for entry of judgment on the jury's verdict against "Waller County, Texas; Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman, in their official capacities as County Commissioners for Waller County, Texas; and Pintail Landfill, LLC [("Pintail")] (collectively, "Waller County")." And Hempstead set the motion for a hearing on January 21, 2015. The record shows that appellants' counsel proposed resetting the hearing, along with certain briefing deadlines, in

4

order to "adequately brief [his] clients, the newly elected Waller County Commissioners Court, on the[] issues." The parties agreed, each noting that there remained "issues still to be decided by the [trial court] (ETJ, sufficiency/adequacy of notice, and remedies/judgment to be entered given the jury verdict)."

On January 16, 2015, Waller County moved to strike "former Waller County Judge Glenn Beckendorff, former Waller County Commissioner Frank Pokluda, and former Waller County Commissioner Stan Kitzman as parties" to the suit because they were "no longer members of the Waller County Commissioners Court and h[e]ld no official capacity with Waller County, Texas." To the motion, it attached the affidavit of Waller County Clerk Debbie Hollan, who testified that, "[a]s of January 1, 2015," the "duly elected" and "serving County Judge of Waller County, Texas, is the Honorable Carbett "Trey" Duhon III; "serving County Commissioner – Precinct 2 of Waller County, Texas, is the Honorable Russell Klecka"; and "serving County Commissioner – Precinct 4 of Waller County, Texas, is the Honorable Justin Beckendorff."

On February 20, 2015, Hempstead, CALH, Pintail, and Waller County, purportedly including "Glenn Beckendorff, in his official capacity as County Judge of Waller County, Texas; John Amsler, Frank Pokluda, Jeron Barnett, and Stan Kitzman in their official capacities as County Commissioner for Waller County, Texas, (collectively "Waller County")," filed a "Joint Motion for Entry of Agreed

Final Judgment," in which they represented that "the Parties ha[d] entered into settlement negotiations and ha[d] reached a settlement agreement for entry of an agreed final judgment, resolving all issues in this lawsuit, except any claim, defense, or assertion" regarding the validity of the ordinance and permit, and the Pintail facility.[2]

The trial court then signed an "Agreed Final Judgment," in which it found that plaintiffs, Hempstead and CALH, and "[d]efendants, Waller County, Texas including the elected officials of the Waller County Commissioners Court, in their official capacities (collectively, "Waller County")," had reached a settlement agreement "concerning the jury verdict and the remaining legal and factual issues pending before the Court." The trial court "render[ed]" judgment voiding "Waller County Ordinance No. 2013-001" and the "Host Agreement" between Waller County and Pintail. And it ordered Waller County to pay attorneys' fees of $245,000 and $325,000 to Hempstead and CALH, respectively. The trial court excluded from its adjudication "any issue concerning any claim, defense, or assertion" that "has been or may in the future be raised" regarding a certain ordinance, permit application, and facility relating to Pintail.

Further, the trial court, in its judgment, "incorporated for all purposes" and attached for "reference" the "charge of the Court," in which it defined "Waller

---

[2] Beckendorf, Pokluda, and Kitzman dispute that they participated in any such settlement agreement or the "Joint Motion for Entry of Agreed Final Judgment."

County" as "the Waller County Commissioners Court, Judge Glenn Beckendorff and Waller County Commissioners Frank Pokluda, Stan Kitzman, Jeron Barnett, and John Amsler." Subsequently, Beckendorff, "in his official capacity as Waller County Judge," later joined by Pokluda and Kitzman, each "in his official capacity as Waller County . . . Commissioner," appealed the trial court's judgment in the same manner in which they were named in the judgment.

### Standing and Capacity

In their first issue, appellants argue that the trial court "erred in not granting [their] Motion to Dismiss/Strike the Former Commissioners as parties to the suit" because they were sued "in their official capacities" on behalf of Waller County and, "[o]nce they left office, the newly elected officials should have been substituted in." Appellees, in their motions to dismiss the appeal, argue that appellants lack standing and capacity because they are no longer the elected officials of Waller County.

The Texas Supreme Court has explained that the issue of standing "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE:

7

CIVIL § 1559, at 441 (2d ed. 1990)).  It previously distinguished between these two threshold requirements as follows:

> A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.

*Id*. at 848–49 (quoting *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)); *see also* 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1559, at 441 ("Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest.").

In its judgment, the trial court expressly defines, by reference to the jury charge, which it attached and incorporated "for all purposes," the "[d]efendants" (appellants) as the former officials in their official capacities.  And there is no mention in the judgment of the successor county judge and commissioners, who were actually in office at the time the judgment was rendered.  When, as here, a document is incorporated into another by reference, both instruments must be read and construed together.  *See In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007); *Hooker v. Nguyen*, No. 14-04-00238-CV, 2005 WL 2675018, at *3 (Tex. App.—Houston [14th Dist.] Oct. 20, 2005, pet. denied) (mem. op.) (construing trial court's judgment incorporating jury charge).

8

Although appellants, in their "official capacities," were in fact parties in the trial court when the jury returned its verdict against them in November 2014, they had ceased to hold their offices by the time the trial court rendered its February 2015 "Agreed Final Judgment," which was based on the "settlement agreement concerning the jury verdict and the remaining legal and factual issues pending before the Court." Thus, the trial court rendered a judgment against appellants as former officials in their "official capacities" after they, as the majority states, "no longer held office" and "at a time that they were no longer officials of Waller County."

Generally, a trial court may not enter a judgment against a party not before it. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687–88 (Tex. 1991). "Civil suits may be maintained only by or against parties having an actual or legal existence." *Bailey v. Vanscot Concrete Co*., 894 S.W.2d 757, 759 (Tex. 1995), *disapproved on other grounds*, *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999). Such lack of jurisdiction constitutes fundamental error, which we are obligated to notice when it is apparent from the face of the record. *Estate of C.M. v. S.G*., 937 S.W.2d 8, 10 (Tex. App.—Houston [14th Dist.] 1996, no writ). To the extent that the trial court's judgment is against appellants in their "official capacities" as *former* officials, the judgment is void. *See Supak v. Zboril*, 56 S.W.3d 785, 793–95 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("[A] judgment may be void in part and

valid in part provided the valid portion is not so dependent on the invalid as to fall with it." (quoting *Kubena v. Hatch*, 193 S.W.2d 175, 177 (Tex. 1946))); *see also Estate of C.M.*, 937 S.W.2d at 10–11, 10 n.2 (reversing portion of judgment against estate where "no legal entity" existed as defendant).

Further, that a suit against a public official is brought against the position occupied, and not against the official himself, is demonstrated by well-established procedural rules that provide for automatic substitution when an official leaves office and is succeeded by another. *See, e.g.*, FED. R. CIV. P. 25(d)(1); FED. R. APP. P. 43; TEX. R. APP. P. 7.2; *see also Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105 (1985); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (suit against governmental official in his official capacity "is not a suit against the official personally, for the real party in interest is the entity"); *Winograd v. Clear Lake City Water Auth.*, 811 S.W.2d 147, 162 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

For example, under Federal Rule of Civil Procedure 25(d), if a public officer, which includes federal, state, and local officials, is replaced during the pendency of a lawsuit in a trial court, the official's successor in office is automatically substituted as a party and the proceedings continue in the name of the substituted party. *See* FED. R. CIV. P. 25(d) & advisory committee's note to 1961 amend.; *see also* FED. R. APP. P. 43(c)(1). The successor is automatically

substituted as a party without an application or showing of need to continue the action. *See* FED. R. CIV. P. 25(d) advisory committee's note to 1961 amend. The rule applies to any action brought in form against a named officer, but intrinsically against the government or the office; against an officer to compel performance of official duties; or to obtain judicial review of an officer's orders. *Id.* It also applies to actions to prevent officers from acting in excess of their authority or under authority not validly conferred. *Id.* And it applies whether declaratory or injunctive relief is sought. *Id.* The rules effectuating automatic substitution of public officials are "specifically designed to prevent suits involving public officers from becoming moot due to personnel changes." *Id.* (citing *Karcher v. May*, 484 U.S. 72, 74, 83, 108 S. Ct. 388, 391, 395 (1987)). "Where [a] successor does not intend to pursue the policy of his predecessor which gave rise to the lawsuit, it will be open to him, *after substitution*, . . . to seek to have the action dismissed as moot or to take other appropriate steps to avert a judgment or decree." *See* FED. R. CIV. P. 25(d) advisory committee's note to 1961 amend. (emphasis added).

Also, in Texas appellate courts,

[w]hen a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party. Proceedings following substitution are to be in the name of the substituted party, but any misnomer that does not affect the substantial rights of the parties may be disregarded. An order of substitution may

11

be entered at any time, but failure to enter an order does not affect the substitution.

TEX. R. APP. P. 7.2(a).

Although Texas does not have a rule providing for *automatic* substitution of public officers at the trial court level, substitution was, as discussed above, necessarily required to avoid rendering a void judgment. Although Waller County and appellants, prior to the entry of the trial court's judgment, moved to strike/dismiss appellants from the suit and for substitution of their successors, no ruling on their motion appears in the record, and the trial court failed to substitute their successors into its judgment. Because appellees brought their suit against appellants as governmental officials acting in their "official capacities," and this is not a suit against appellants "personally," the real defendant in this case, in regard to appellants, is Waller County. *See Koseoglu*, 233 S.W.3d at 844. Once appellants ceased to hold their public offices as county judge and commissioners of Waller County, the trial court should have substituted their successors as parties in their stead. Thus, the trial court necessarily and fundamentally erred in denying appellant's Motion to Dismiss/Strike them as parties to the suit.

Moreover, because appellants, as erroneously named parties, have "a sufficient relationship with the lawsuit so as to have a 'justiciable interest'" in it, they, contrary to appellees' assertions, have standing to bring this appeal. *See Lovato*, 171 S.W.3d at 848. And appellants also have the capacity, i.e., the

"personal qualifications," to challenge the trial court's erroneous inclusion of them as parties to this litigation after they ceased to be Waller County officials. *See id.*

Accordingly, I would deny appellees' motion to dismiss this appeal, address and sustain appellants' first issue, and modify the trial court's judgment to substitute appellants' successors in office in place of appellants as the proper parties to the judgment. *See* TEX. R. APP. P. 43.2(b). In denying appellants their ability to make their appellate challenge and obtain the relief to which they are legally entitled, the majority unnecessarily creates a classic Catch-22, which, if allowed to stand, will serve to preclude all similarly-situated former public officials from seeking the appellate remedy of having their names removed from lawsuits after they have ceased to be parties.


Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.

Jennings, J., dissenting.