# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00324-CV

---

**Reagan National Advertising of Austin, LLC, Appellant**

**v.**

**Daniel E. Leary, Appellee**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-003823, THE HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Reagan National Advertising of Austin, LLC (Reagan) appeals from the district court's judgment ordering partition by sale (partition judgment) and its order denying Reagan's first amended verified special appearance, and subject thereto, motion for new trial, motion to set aside the judgment, and motion for sanctions (post-judgment motions). Because we conclude that the partition judgment is void to the extent that the district court made findings and granted relief against Reagan, we reverse and vacate the judgment in part.[1]

---

[1] "[A] judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it." *Supak v. Zboril*, 56 S.W.3d 785, 795 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (quoting *Kubena v. Hatch*, 193 S.W.2d 175, 177 (Tex. 1946)); *see id.* (vacating portion of judgment because trial court did not have jurisdiction over one of parties). We leave undisturbed the findings and orders in the partition judgment that do not affect Reagan, such as the district court's order to partition the Property by sale, its findings as to the ownership interests in the Property, and the appointment of a receiver.

**BACKGROUND**

In August 2022, Daniel Leary filed suit seeking to partition real property (the Property) against over fifty persons who were alleged to have ownership interests in the Property (the co-tenants). He sought to have the Property sold and the proceeds apportioned amongst the co-tenants in accordance with their respective ownership interests in the Property. Although Leary's allegations included that "the Property is subject to no other claims save and except for any encumbrances that shall be equitably resolved by the Court," the petition did not name Reagan as a party or specifically refer to Reagan or its outdoor advertising billboard that was on the Property. Leary served the co-tenants and then notified them that the case was set for hearing on March 2, 2023. On the day of the hearing, the trial court signed the partition judgment against the co-tenants by default.[2] In the partition judgment, the district court found that the Property was heirs' property that could not be equitably partitioned between the co-tenants, determined the respective ownership interests of the co-tenants, ordered the partition of the Property by sale, appointed a receiver (Receiver), and ordered the Receiver to sell the Property and distribute the proceeds from the sale to the co-tenants.

Relevant to this appeal, the district court also found that the Property was encumbered by an outdoor advertising billboard installed by Reagan.[3] Citing the "exercise of its equitable powers" pursuant to Texas Rule of Civil Procedure 760, the district court found that Reagan's advertising lease and any subsequent amendments and iterations to the lease "should

---

[2] The partition judgment states that the defendants "were properly notified of this hearing but have not served, or filed an answer, motion, or other pleadings in this cause of action" and that their "default is hereby properly entered."

[3] The clerk's record includes a letter dated October 25, 1988, from Reagan's real estate manager to Leary confirming the presence of "the sign we have on your property" with an attached proposed renewal lease for a three-year period beginning on September 1, 1987.

be and hereby [were] EXPIRED, INVALID and otherwise UNENFORCEABLE"; concluded that the encroachment of Reagan's billboard "will injure the interest or sale value of the property"; and ordered that Reagan's lease and any subsequent amendments and iterations to the lease were "considered EXPIRED, INVALID and NONBINDING on the co-tenants and any purchaser of the Property." *See* Tex. R. Civ. P. 760. The district court ordered Reagan to remove the billboard at its own expense within thirty days, and if Reagan failed to do so, authorized the Receiver to have the billboard "removed and properly disposed of, in which case, [Reagan] shall reimburse the Receiver for the cost of the removal and disposal." The district court further ordered Reagan to:

l) conduct an accounting for any and all lease payments it may have paid to any of the co-tenants from 1987 to present related to the Reagan Advertising billboard, 2) calculate the fair market value of the advertising services Reagan Advertising received from 1987 to present related to the Reagan Advertising billboard, 3) deduct the total amounts paid from the total fair market value, and 4) compensate the co-tenants for the balance of the fair market value of the advertising services it received via the Reagan Advertising billboard, plus interest at 5% per annum on the balance from 1987 to present. Within (30) days of the date this order is signed and filed with the Clerk of the Court, Reagan National Advertising shall pay the balance of the fair market value of the advertising services it received via the advertising billboard, plus interest at 5% per annum on the balance from 1987 to present, to the Receiver to be added to the net proceeds from the sale of the Property for proper distribution to the co-tenants.

After Reagan received notice of the partition judgment, it timely filed a first amended verified special appearance, and subject thereto, motions to set aside the judgment and for new trial and a motion for sanctions. Reagan objected to the district court's subject-matter and personal jurisdiction over Reagan because, it argued, the court lacked jurisdiction to adjudicate the possessory right of Reagan's interest and Reagan was never served with citation or

3

made a party to the suit. Reagan also contended that it had "held a consistent leasehold interest in the Property dating back to the 1960's."

Leary filed a response and a supplement to its response. He argued that the district court has jurisdiction over partition suits, that its relief against Reagan was proper under Texas Rule of Civil Procedure 760, and that Reagan was not entitled to notice of the partition suit because Reagan's lease was expired and "an expired lease cannot create a legitimate possessory interest in the Property." *See* Tex. R. Civ. P. 760. Leary also cited property owners' rights under Chapter 80 of the Texas Civil Practices and Remedies Code "to implement a statutory non-judicial self-help remedy to remove the illegal billboard" and to recover damages. *See* Texas Civ. Prac. & Rem. Code §§ 80.002(2), .003. Reagan filed a reply to the response and additionally argued that the partition judgment should be set aside because it granted unpled relief against Reagan.

Following a hearing, the district court denied Reagan's special appearance, its motions to set aside the judgment and for new trial, and its motion for sanctions. This appeal followed.

**ANALYSIS**

In three issues, Reagan argues that the partition judgment is void, that the district court erred when it denied Reagan's post-judgment special appearance, and that the district court erred when it denied Reagan's motions to set aside the judgment and for new trial. Reagan argues that the partition judgment is void because the district court did not have personal jurisdiction over Reagan, it did not have subject-matter jurisdiction to adjudicate Reagan's right to possession, and it ordered relief beyond that sought in the pleadings. Because it is dispositive,

4

we begin with Reagan's argument in its first issue that the district court did not have personal jurisdiction over Reagan.

"To issue a valid and binding judgment or order, a court must have both subject-matter jurisdiction over a case and personal jurisdiction over the party it purports to bind." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022) (citing *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 7–8 (Tex. 2021)); *see id.* at 379–80 (explaining differences between subject-matter and personal jurisdiction). "In contrast to subject-matter jurisdiction, personal jurisdiction concerns the court's power to bind a particular person or party to a judgment." *Id.* (citing *Luciano*, 625 S.W.3d at 8). Personal jurisdiction requires that "the defendant must be amenable to the jurisdiction of the court" and "the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant." *Id.* at 380 (citing *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985)); *see* Tex. R. Civ. P. 124 (prohibiting rendition of judgment "against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules").

"[A] judgment against a person who is not named or served and never appeared before the court is void." *In re S.L.*, No. 05-11-00560-CV, 2012 Tex. App. LEXIS 8968, at *13 (Tex. App.—Dallas Oct. 30, 2012, no pet.) (mem. op.) (citing *Schlueter v. Carey*, 112 S.W.3d 164, 172 (Tex. App.—Fort Worth 2003, pet. denied)); *see In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012) ("A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time."); *Sherman v. Boston*, 486 S.W.3d 88, 94 (Tex. App—Houston [14th Dist.] 2016, pet. denied) (concluding that trial court lacked personal jurisdiction to render judgment against entity that

"ceased to be a party" before affirmative relief was asserted against it because after it ceased to be party, it "was not served with citation, nor did it waive service or enter an appearance in the lawsuit").

In this case, the record is undisputed that Leary did not serve Reagan with the underlying suit, that he did not notify Reagan of the partition judgment until after it had been signed by the district court, and that Reagan asserted its objection to the court's personal jurisdiction by verified special appearance. *See* Tex. R. Civ. P. 120a (addressing special appearances to challenge jurisdiction); *In re E.R.*, 385 S.W.3d at 566 (authorizing challenge to void judgment "at any time"). On this record, we conclude that Reagan established that the district court lacked personal jurisdiction over it and, thus, that the partition judgment is void to the extent that it made findings, imposed obligations, and awarded relief against Reagan. *See In re E.R.*, 385 S.W.3d at 566; *In re S.L.*, 2012 Tex. App. LEXIS 8968, at *13.

As support for his argument that the district court had jurisdiction over Reagan, Leary relies on Texas Rules of Civil Procedure 757 and 760, which address procedures in suits seeking partition of real property. Rule 757 addresses the requirements of citation and service "for each of the joint owners, or joint claimants, named therein," and Rule 760 authorizes a trial court to determine "all questions of law or equity affecting title to such land which may arise" in a hearing to partition property. Tex. R. Civ. P. 757, 760. The plain language of these rules may support that a district court has subject-matter jurisdiction in a partition suit to adjudicate questions affecting title between joint owners and claimants, but such jurisdiction is distinct from a court's personal jurisdiction over a non-party to bind it to a court's adjudication of such questions. *See In re Guardianship of Fairley*, 650 S.W.3d at 379 (requiring court to have "both

6

subject-matter jurisdiction over a case and personal jurisdiction over the party it purports to bind" and explaining difference between subject-matter and personal jurisdiction).

Leary also relies on Section 23.002 of the Texas Property Code, but that section similarly addresses the district court's subject-matter jurisdiction over suits to partition land—not its personal jurisdiction to make findings and award affirmative relief against a non-party. *See* Tex. Prop. Code § 23.002 (addressing district court's subject-matter jurisdiction over suits to partition land brought by joint owner or claimant of real property).[4]

Further, to the extent that Leary relies on Sections 80.002 and 80.003 of the Texas Civil Practice and Remedies Code to support the relief awarded in the judgment against Reagan, those sections authorize a *non-judicial* self-help remedy and the availability of damages, but the plain language of those sections does not encompass a *judicial* remedy against a non-party without compliance with the requirements of service, notice, and the opportunity to be heard. *See* Tex. Civ. Prac. & Rem. Code §§ 80.002(2) (explaining that trespass occurs when individual

---

[4] Leary argues that Reagan's "narrow interpretation and application of the trial court's legal and equitable authority under the Texas Property Code Chapter 23 and TRCP 760 is inconsistent with the *Gates* standard." *See Gates v. McDonald*, No. 11-21-00190-CV, 2023 Tex. App. LEXIS 5801, at *10 (Tex. App.—Eastland Aug. 3, 2023, no pet.) (mem. op.). In that case, our sister court stated that, "Texas courts have only gone so far as to limit proper equitable considerations to those *related* to the property at issue." *Id.* The issues in that case, however, concerned the balancing of equities between named parties about the trial court's consideration of appellees' adjacent land to the property at issue and did not concern a trial court's authority to grant relief against a non-party based on equitable considerations. *See id.* Leary also relies on *McQuigg v. Carr*, No. 03-08-00338-CV, 2009 Tex. App. LEXIS 7743, at *8 (Tex. App.—Austin Oct. 2, 2009, no pet.) (mem. op.), but the issue in that case concerned equitable considerations in allocating net proceeds between the parties from the sale of the property in a partition suit. In that context, this Court explained that it "was within the district court's equitable power to adjust the amount of sale proceeds distributed to McQuigg in the partition suit because the evidence was sufficient for the court to conclude that McQuigg was responsible for damaging the condition of the property in such a manner as to reduce the fair and reasonable sales price." *Id.* at *10–11. In contrast to McQuigg, Reagan was not a party to the district court's judgment, and Reagan's billboard on the Property does not impact the trial court's determination of the co-tenants' respective interests in the Property.

7

fails to remove sign on premises after permission to place sign on premises has expired), .003 (authorizing premises owner, after sending written demand to individual to remove sign, to recover damages for trespass from individual who fails to comply with demand); *see, e.g.*, *Reagan Nat'l Advert. of Austin, Inc. v Hazen*, No. 03-05-00699-CV, 2008 Tex. App. LEXIS 5826, at *24 (Tex. App.—Austin, July 29, 2008, no pet.) (mem. op.) (in context of Sections 80.002 of Civil Practice and Remedies Code and 93.002(e) of Property Code, explaining that "removing the billboards . . . is authorized by law as a non-judicial self-help remedy for landowners where, as was contended here, a tenant's property is abandoned or constitutes a trespass on the landowner's property").

For these reasons, we conclude that the district court did not have personal jurisdiction over Reagan when it signed the partition judgment and sustain in part Reagan's first issue.[5] Because our resolution of this part of Reagan's first issue is dispositive, we do not further address its remaining issues. *See* Tex. R. App. P. 47.4.

---

[5] Other cases that Leary cites in his briefing are not inconsistent with our analysis of the dispositive issue here—whether a district court has personal jurisdiction to grant affirmative relief against a non-party who was not served, provided notice, or given the chance to defend itself before judgment was rendered against it. *See, e.g.*, *American Med. Home Health Servs., LLC v. Legacy Home Health Agency, Inc.*, No. 04-20-00494-CV, 2022 Tex. App. LEXIS 2089, at *11–12 (Tex. App.—San Antonio Mar. 30, 2022, pet. denied) (mem. op.) (rejecting standing challenge to temporary injunction that protected non-party's confidential information when non-party was "managed company" of party and party's confidential information included non-party's confidential information); *Estate Land Co. v. Wiese*, No. 14-13-00524-CV, 2015 Tex. App. LEXIS 2219, *3–4, *6, *11–12 (Tex. App.—Houston [14th Dist.] Mar. 10, 2015, pet. denied) (mem. op.) (construing challenge to trial court's subject-matter jurisdiction as "attack [of] the procedure employed by the trial court" to determine share or legal interests in jointly-owned property and concluding that trial court had jurisdiction to make determination of interests and to "order a division of next profits from the rent" amongst parties); *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 697–98 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that failure to join all property owners affected by restrictive covenants did not deprive trial court of jurisdiction to enter declaratory judgment concerning restrictive covenants and observing that declaratory judgment would not prejudice rights of non-parties to

## CONCLUSION

For these reasons, we reverse the district court's partition judgment to the extent it made findings and granted relief against Reagan and vacate those portions of the judgment.

_____
Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Reversed and Vacated in Part

Filed: November 22, 2024

---

proceeding); *Casso v. Fullerton*, No. 04-05-00905-CV, 2006 Tex. App. LEXIS 11246, at *4–9 (Tex. App.—San Antonio Sept. 13, 2006, pet. denied) (mem. op.) (considering appeal from judgment of partition amongst co-tenants who were parties in underlying proceeding and describing rights between co-tenants).